IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MAR 6 1995

| | |
|---|---|
| ROBERT JOE MCSPADDEN, § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NOS. B-94-289 & |
| § | B-93-217[1] |
| WAYNE SCOTT, DIRECTOR, § | |
| INSTITUTIONAL DIVISION, § | |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, § | |
| Respondent. § | |

**RESPONDENT SCOTT'S MOTION TO DISMISS FOR FAILURE TO
EXHAUST STATE COURT REMEDIES WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Wayne Scott, Director, Institutional Division, Texas Department of Criminal Justice, Respondent herein, hereinafter "the Director," by and through his attorney, the Attorney General of Texas, and files this his **Motion to Dismiss for Failure to Exhaust State Court Remedies With Brief in Support**. In support thereof, the Director would show the court the following:

### I.

### JURISDICTION

This court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §§ 2241, 2254.

---

[1] Simultaneously with this motion, the Director has filed a motion to consolidate McSpadden's most recent habeas action with a previous habeas action that is pending in this court.

## II.

## DENIAL

The Director denies each and every allegation of fact made by Petitioner, hereinafter, "McSpadden," except those supported by the record and those specifically admitted herein.

## III.

## STATEMENT OF THE CASE

### A. Procedural Background

The Director has lawful and valid custody of McSpadden pursuant to a judgment and sentence of the 107th Judicial District Court in Cameron County, Texas, in Cause No. 91-CR-887-C, styled *The State of Texas v. Robert McSpadden.* The state charged McSpadden by indictment with aggravated sexual assault of a child. McSpadden pled not guilty before the jury, and on October 17, 1991, the jury found McSpadden guilty of aggravated sexual assault of a child and assessed punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division.

McSpadden did not take a direct appeal. McSpadden filed an application for state writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure challenging the instant conviction. The Texas Court of Criminal Appeals denied the application without written order on September 14, 1994. *Ex parte McSpadden*, Application No. 26,733-01.

## IV.

## STATE COURT RECORDS

The state-court records of McSpadden's application for state writ of habeas corpus are available for this court's review and will be forwarded as soon as they have been reproduced.

2

/72

# V.

## PETITIONER'S ALLEGATIONS

The Director understands McSpadden to assert the following claims for relief:

1.  The state violated his right to due process by:

    a.  not allowing him to attend his arraignment;

    b.  giving him only 20 minutes to select a jury;

    c.  briefing state's witnesses during the trial although the rule had been invoked;

    d.  denying him a continuance in order to obtain rebuttal witnesses and evidence;

    e.  trying him on three indicted charges and one unindicted charge although the charges had been severed;

    f.  coercing him to waive his right to appeal at a meeting with the prosecutor.

2.  Trial counsel rendered ineffective assistance by:

    a.  spending only two hours with McSpadden prior to trial;

    b.  **failing to contact all of the possible defense witnesses;[2]**

    c.  **failing to investigate the charges prior to trial;**

    d.  **failed to interview all of the state's witnesses;**

    e.  inadequately preparing for trial;

    f.  giving McSpadden incorrect advice;

    g.  **failing to act on McSpadden's advice concerning questions and errors in testimony;**

---

[2] For the court's convenience, claims in bold type are unexhausted.

3

173

  **h.**  **giving McSpadden no advice at the alleged post-trial meeting with the D. A.;[3]**

3. The prosecutor engaged in misconduct by:

  a.  making racial and religious remarks during the trial;

  **b.**  **allowing the jury to see McSpadden locked up;**

  c.  asking McSpadden to prove he was in the army, was a paramedic, and a police officer, knowing that McSpadden had no identification.

  d.  producing a surprise witness and alluding to evidence McSpadden was not allowed to rebut;

  e.  making inflammatory remarks and calling McSpadden names in his closing argument.

## VI.

## MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES WITH BRIEF IN SUPPORT

Under 28 U.S.C. § 2254(b), a habeas petitioner may not obtain relief "unless it appears that the applicant has exhausted the remedies available in the courts of the state or that there is either an absence of available state corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." *See also Duckworth v. Serrano*, 454 U. S. 1, 3, 102 S. Ct. 18, 19 (1981) (stating sole exception to exhaustion requirement is "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."). The exhaustion doctrine requires that state courts be given the initial opportunity to address and correct alleged deprivations of a prisoner's federal constitutional rights. *Castille v. Peoples,* 489 U.S. 346, 109 S. Ct. 1056 (1989);

---

[3] In his state habeas action, McSpadden claimed that at the alleged meeting counsel advised him that he "had better take it. They wouldn't make so many mistakes in the next ones. Also we had enough for a retrial, so don't worry." *Ex parte McSpadden*, Application No. 26,733-01, at 6. Thus, not only has McSpadden failed to exhaust this claim, but the account he sets forth in his state habeas action contradicts the version of events he asserts in the instant action.

*Anderson v. Harless*, 459 U.S. 4, 103 S. Ct. 276 (1982); *Duckworth*, 454 U. S. at 3, 102 S. Ct. at 19.

A federal court should not exercise jurisdiction over a state prisoner's claims unless and until they have been adjudicated by the highest court of the state. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988); *Ridgway v. Baker*, 720 F.2d 1409, 1412-13 (5th Cir. 1983). The highest state court in Texas that has jurisdiction to review a petitioner's conviction is the Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 44.45 (West Supp. 1994); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). A petitioner may raise claims in the Court of Criminal Appeals in two ways: (1) on direct appeal by a petition for discretionary review, Tex. R. App. P. 202(A); or (2) on collateral attack by an application for a post-conviction writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07 (West 1977 & Supp. 1994).

Finally, all of the grounds raised in a federal petition for writ of habeas corpus must have been "fairly presented" to the state courts before being presented to the federal courts. *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S. Ct. 509, 512 (1971). This means that the petitioner must have informed the state court system of the same facts and legal theory upon which he bases his assertions in his federal habeas petition. *Picard*, 404 U.S. at 276-77, 92 S. Ct. at 513; *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988); *see also Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983).

In the instant case, McSpadden did in fact raise due process, ineffective assistance, and prosecutorial misconduct claims in his state habeas action, under which he asserted numerous factual allegations. *Ex parte McSpadden*, Application No. 26,733-01, at 2-6. However, on federal habeas review, McSpadden has added several new factual allegations that he never raised in the Texas Court of Criminal Appeals. *See* part V, *supra*; *Ex parte McSpadden*, Application No.26,733-01, at 2-6. "The exhaustion requirement is not satisfied if a petitioner presents new legal theories or *entirely new factual claims* before the federal court." *Brown*, 701 F.2d at 495 (emphasis added). Thus, by asserting several

5

/25

factual allegations for the first time on federal habeas review, McSpadden has failed to exhaust his claims. Because McSpadden has filed a "mixed" petition with unexhausted claims, the entire petition must be dismissed for failure to exhaust state court remedies. *Rose v. Lundy,* 455 U.S. 509, 522, 102 S. Ct. 1198, 1205 (1982); *Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied,* 501 U. S. 1235, 111 S. Ct. 2862 (1991); *Williams v. Maggio,* 727 F.2d 1387, 1389 (5th Cir. 1984).

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that McSpadden's petition for writ of habeas corpus be dismissed for failure to exhaust state court remedies.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Attorney General
  for Criminal Justice

WILLIAM C. ZAPALAC
Assistant Attorney General
Chief, Habeas Corpus Division

*/s/ Meredith Martinez*
MEREDITH MARTINEZ
Assistant Attorney General
State Bar No. 00786088

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080
(512) 463-2084 (Fax)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF CONFERENCE

I, Meredith Martinez, Assistant Attorney General of Texas, do hereby certify that a conference is not possible because Petitioner is incarcerated at the Clements Unit of the Texas Department of Criminal Justice, Institutional Division. Respondent will assume that Petitioner will oppose this motion.

*Meredith Martinez*
MEREDITH MARTINEZ
Assistant Attorney General

## NOTICE OF SUBMISSION

TO: Robert Joe McSpadden, Petitioner, you are hereby notified that the undersigned attorney for Respondent will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

*Meredith Martinez*
MEREDITH MARTINEZ
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Meredith Martinez, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Respondent Scott's Motion to Dismiss for Failure to Exhaust State Court Remedies with Brief in Support** has been served by placing same in the United States mail, postage prepaid, on this the 1st day of March, 1995, addressed to: Robert Joe McSpadden, TDCJ No. 600096, Clements Unit, 9601 N.E. 24th Avenue, Amarillo, Texas 79105.

*Meredith Martinez*
MEREDITH MARTINEZ
Assistant Attorney General