7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MAR 6 1995

| | |
|---|---|
| ROBERT JOE MCSPADDEN, § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. B-94-289 |
| § | |
| WAYNE SCOTT, DIRECTOR, § | |
| INSTITUTIONAL DIVISION, § | |
| TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, § | |
| Respondent. § | |

**RESPONDENT SCOTT'S MOTION TO CONSOLIDATE
WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Wayne Scott, Director, Institutional Division, Texas Department of Criminal Justice, Respondent herein, hereinafter "the Director," by and through his attorney, the Attorney General of Texas, and files this his **Motion to Consolidate With Brief in Support**. In support thereof, the Director would show the court the following:

**I.**

The petitioner, hereinafter "McSpadden," currently has two applications for federal writ of habeas corpus pending before this court. *McSpadden v. Scott*, Civil Action Nos. B-93-217 and B-94-289.[1]  In both petitions, he challenges the same state court conviction.

**II.**

McSpadden filed his previous petition, No. B-93-217, as a civil rights action under 42 U.S.C. § 1983. In an order dated October 13, 1993, this court construed

---

[1] In civil action no. B-93-217, the original respondents filed a motion to substitute as a party the Director of the Institutional Division of the Texas Department of Criminal Justice. At that time, the Director was James Collins. In civil action no. B-94-289, the respondent has also filed a motion to substitute the Director as a party.

164

McSpadden's claims as a challenge to the fact or duration of his confinement, and designated the action as a habeas corpus action. At the time, McSpadden had not filed a petition for discretionary review or a state habeas proceeding in the Texas Court of Criminal Appeals, and therefore, he had not exhausted his state court remedies. *See* 28 U.S.C. § 2254(d). The Director filed a Motion to Dismiss for Failure to Exhaust State Court Remedies and Motion to Substitute Parties, which is currently pending before this court.

Subsequently, on May 4, 1994, McSpadden filed an application for state writ of habeas corpus, which the Court of Criminal Appeals denied without written order on September 14, 1994. McSpadden exhausted his state court remedies for the claims that he asserted in his previous petition.

Thereafter, on October 24, 1994, McSpadden filed the instant petition, No. B-94-289, in which he raised many of the same claims that he asserted in the previous petition, B-93-217.[2] However, McSpadden asserted several new claims in the instant petition for which he has failed to exhaust state court remedies.[3]

Rule 42(a) of the Federal Rules of Civil Procedure[4] provides:

> Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the

---

[2] In both petitions, McSpadden complains that he was not allowed to attend his arraignment, that trial counsel rendered ineffective assistance in failing to spend sufficient time with McSpadden, and in giving incorrect advice, that the defense had only 20 minutes to select the jury, that the prosecutor made racial remarks during voir dire, the state illegally briefed its witnesses throughout the trial, and McSpadden was tried for three different crimes instead of the offense charged.

[3] Simultaneously with this motion, the Director has filed a motion to dismiss the both petitions for failure to exhaust state court remedies.

[4] Although habeas corpus actions are generally controlled by the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure may be applied to habeas petitions "to the extent that they are not inconsistent with these [habeas] rules." Rule 11 Governing Section 2254 Cases; *see also Dillard v. Blackburn*, 780 F.2d 509, 514 (5th Cir. 1986).

actions; it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Pursuant to Rule 42(a), the Director moves this court to consolidate the instant action with civil action number B-93-217, and to dismiss both petitions for failure to exhaust state court remedies.

### III.

WHEREFORE, PREMISES CONSIDERED, the Director prays that this petition be consolidated with Civil Action No. B-93-217.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Attorney General
   for Criminal Justice

WILLIAM C. ZAPALAC
Assistant Attorney General
Chief, Habeas Corpus Division

MEREDITH MARTINEZ
Assistant Attorney General
State Bar No. 00786088

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2080
(512) 463-2084 (Fax)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF CONFERENCE

I, Meredith Martinez, Assistant Attorney General of Texas, do hereby certify that a conference is not possible because Petitioner is incarcerated at the Clements Unit of the Texas Department of Criminal Justice, Institutional Division. Respondent will assume that Petitioner will oppose this motion.

*Meredith Martinez*
MEREDITH MARTINEZ
Assistant Attorney General

## NOTICE OF SUBMISSION

TO: Robert Joe McSpadden, Petitioner, you are hereby notified that the undersigned attorney for Respondent will bring the foregoing Motion before the Court as soon as the business of the Court will permit.

*Meredith Martinez*
MEREDITH MARTINEZ
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Meredith Martinez, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Respondent Scott's Motion to Consolidate with Brief in Support** has been served by placing same in the United States mail, postage prepaid, on this the 1st day of March, 1995, addressed to: Robert Joe McSpadden, TDCJ No. 600096, Clements Unit, 9601 N.E. 24th Avenue, Amarillo, Texas 79105.

*Meredith Martinez*
MEREDITH MARTINEZ
Assistant Attorney General