IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT JOE McSPADDEN | § | |
| Petitioner | § | |
| V. | § | CIVIL ACTION NO. B-94-289 |
| WAYNE SCOTT, DIRECTOR, | § | |
| T.D.C.J.- I.D. | § | |
| Respondent | § | |

PETITIONERS MEMORANDUM OF POINTS AND AUTHORITIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Robert Joe McSpadden, Petitioner herein, and submits this Memorandum of Points and Authorities in support of his Petition for Relief under 28 U.S.C. § 2254. The Petitioner would show the Court the following:

-1-

## FIRST GROUND FOR RELIEF

Petitioner was denied the Right to a fair and impartial trial or the Right to the effective assistance of counsel or both, because, Court put a time limit of twenty (20) minutes on the defense for the purpose of Voir Dire. Due to this short time limit and the number of prospective jurors to be interviewed, it was impossible for the Petitioner to interview and ask pertinent and relevant questions concerning the case and to be able to intelligently exercise his Right to peremptory challenges.

Time limit placed on defense counsel during Voir Dire examination of prospective jurors was unduly restrictive. THOMAS V. STATE, 658 SW2d 175,176,(TX.Cr.App.1983). Courts time limit placed on Defendants counsel was unduly restrictive. And because of the time restraint, counsel was not able to intelligently exercise peremptory challenges. A one (1) hour time limitation was unreasonable. RATLIFF V. STATE, 690 SW2d,597,600(Tx.Cr.App.1985). Part of the guaranty of a defendants Right to an impartial jury is an adequate Voir Dire to identify unqualified jurors. MORGAN V. ILLINOIS, 112 S.Ct.2222 (1992). Constitutional Right to counsel includes Right of counsel to question members of jury panel to exercise peremptory challenges intelligently. T.K.'S VIDEO V. STATE, 832 SW2d 174,176 (Tx.App-Ft.Worth 1992). Right to counsel was denied, because, counsel was not able to question jury panel and exercise peremptory challenges intelligently, EASTERLING V. STATE, 710 SW2d 569,575 (Tx.Cr.App.1986). Peremptory challenges are a means to the Constitutional end of a fair and impartial

trial. <u>GEORGIA V. McCOLLUM</u>, 112 S.Ct.2348 (1992). Denial or impairment of Right to exercise peremptory challenges is reversible without showing prejudice, <u>KNOX V. COLLINS</u>, 928 F2d 657,660 (5th Cir. 1991)

    The Petitioner is entitled to the Relief sought.

-3-

## GROUNDS FOR RELIEF II

Petitioner was denied the Right to Due Process or the effective assistance of counsel or both, because, defense counsel failed to properly investigate the charges and present all available testimony and evidence and failed to object at the proper time. Counsel has the responsibility to seek out and interview potential witnesses and present all available testimony, and the failure to do this constitutes ineffective assistance of counsel. EX PARTE YBARRA, 629 SW2d 943,946,948 (Tx.Cr.App. 1982). Petitioners counsel interviewed only one (1) prosecution witness. And didn't contact all defense witnesses, and failed to investigate information Petitioner gave him concerning a meeting between Juanita Corkill, Jane Wright and all other people involved, where all of them denied any sexual contact or had recanted previous stories.

Counsel has a duty to investigate all possibilities, HAYNES V. STATE, 790 SW2d 824,827 (Tx.App.- Austin 1990). Proper investigation would have revealed that all alleged victims were questioned in depth and denied any sexual contact or misconduct on the part of the petitioner. Counsel refused to investigate this and refused to question the witnesses in depth during the trial.

One witness alleged evidence that the petitioners pubic hair was red, brown and grey to prove the contention she had seen petitioner nude. Defense counsel refused to object and also to have the petitioner examined to disprove this alleged evidence. Neglecting to present all available testimony and evidence is

ineffective assistance of counsel. <u>SHELTON V. STATE,</u> 841 SW2d 526 (Tx.App.- Ft Worth 1992). The testimony of Jane Wright and examination of petitioner would substantiated petitioners claim of victims denials, recanting and also the lack of physical evidence, and was crucial to petitioners case. Counsel has a responsibility to seek out and present all available testimony and evidence. Failure to do this constitutes ineffective assistance of counsel. <u>EX PARTE DUFFY</u>, 607 SW2d 507 (Tx.Cr.App. 1980)

The Court, refusing a continuance to call rebuttal witnesses violates petitioners Right to Due Process. The Right to offer the testimony of witnesses and to compel their attendance if necessary, is in plain terms, the Right to present a defense, the Right to present the defense version of the facts as well as the prosecutions, to the jury, so it may decide where the truth lies. This Right is a fundamental element of Due Process Law. <u>WASHINGTON V. TEXAS</u>, 388 U.S.14, 87 S.Ct.1920 (1967). The Court held that Relief could be granted for denial of compulsory process of witnesses. <u>HARDIN V. ESTELLE</u>, 484 F2d 944 (5th Cir. 1973). The Court pointed out that by <u>WASHINGTON V. TEXAS</u>, the defendant <u>must</u> be afforded the Right to offer the testimony of witnesses and to compel their attendance, consequently, the Court held that the Trial Court committed an error of Constitutional magnitude in not granting the defense a continuance.

The Petitioner is entitled to the Relief sought.

-5- 150

## GROUNDS FOR RELIEF III

Petitioner was denied the Right to Due Process or effective assistance of counsel or both, when evidence of unadjudicated extraneous offenses were entered against Petitioner and counsel failed to effectively or properly object.

During the trial, Juanita Corkill, Petitioners ex-wife, testified to being struck by defendant on two (2) occasions and also raped by defendant several times during their marriage. Evidence of extraneous offenses involving an alleged victim not included in the charging instrument is error. ALEXANDER V. STATE, 753 SW2d 401,402 (Tx.Cr.App. 1988).

Carrie Carmona testified to being fondled on one (1) occasion by defendant, but, gave no testimony concerning the charge being tried. A defendant has a Right to be tried for the offense for which he is charged and not for some collateral crime. COURET V. STATE, 792 SW2d 106,107 (Tx.Cr.App. 1990). KESSLER V. STATE, 850 SW2d 217,219 (Tx.App.- Ft Worth 1993). Evidence of extraneous sexual offenses is not admissible and the failure to properly object, constitutes ineffective assistance of counsel. ALVARADO V. STATE, 775 SW2d 851,856 (Tx.App.- San Antonio 1989).

Petitioner was denied Due Process or a fair and impartial trial or both, when Prosecutor introduced Melanie McSpadden, a surprise witness, not mentioned during discovery or anytime prior to taking the witness stand. She testified to being raped by the defendant several years prior to the trial. Defendant was not

-6- 151

allowed to call rebuttal witness, that would testify that Melanie had told and recanted this story in different versions and had recanted them all.

Evidence of nonadjudicated extraneous sexual offense is not admissible. <u>JESSUP V. STATE</u>, 853 SW2d 141 (Tx.App.- Ft Worth 1993). Acts of sexual misconduct are not admissible. <u>VERNON V. STATE</u>, 841 SW2d 407,410 (Tx.Cr.App. 1992). Admission of even hearsay of unadjudicated sexual offenses is error. <u>REYNOLDS V. STATE</u>, 856 SW2d 547,551 (Tx.App.- Houston 1993). Admission of testimony concerning uncharged extraneous sexual offenses is error. <u>HILL V. STATE</u>, 852 SW2d 769,771 (Tx.App.- Ft Worth 1993)

Petitioner is entitled to Relief sought

## GROUNDS FOR RELIEF IV

Petitioner was denied the Right to Due Process or the Right to a fair and impartial trial or the Right to separation of Church and State or all of the foregoing.

During Voir Dire a couple of prospective jurors asked if the victim was Hispanic and the defendant was White. Thus the racial issue was raised and was prejudicial to obtaining a fair and impartial trial.

During cross examination of defendant, Prosecutor Valle asked the defendant to prove he was retired form the U.S.Army, that he was a Paramedic or ever a Police Officer. Prosecutor knew that defendant had no identification on him and only asked these questions to put defendant in a bad light before the jury. Prosecutor who conducts Voir Dire of jurors or argues to a jury in wrongful manner, always errs, and the Judge who permits this error also errs. ROUGEAU V.STATE, 738 SW2d 651,657 (Tx.Cr.App. 1987)

Petitioner was denied the Right to Due Process or the Right to a fair and impartial trial or separation of Church and State or all of the foregoing.

The prosecutor argued with the defendant about why he refused to attend Church with his family. Was something wrong with religion or didn't he believe in God. Argument was extreme, manifestly improper, violated a mandatory Statutory provision and therefore was so inflammatory that the prejudicial effect could not be cured.

Proper jury argument includes a summation of the evidence, a

-8- 153

reasonable deduction from the evidence, and an answer to the argument by opposing counsel and a plea for law enforcement. <u>JACOBS V. STATE</u>, 787 SW2d 397,406 (Tx.Cr.App. 1990)

Petitioner is entitled to Relief sought.

WHEREFORE PREMISES CONSIDERED, Petitioner prayerfully asks the Honorable Court to issue an order granting him "Relief" sought.

Executed on this the 25 day of March, 1995

*Robert Joe McSpadden* (signature)

Robert Joe McSpadden

600096

9601 N.E. 24th Ave.

Amarillo, Tx. 79107-9606

-9- 154

## CERTIFICATE OF SERVICE

This is to certify, that on this the 25 day of March, a true and correct copy of Petitioner's Memorandum of Points and Authorities, was mailed to:

Meredith Martinez

Asst. Atty General

P.O.B. 12548

Austin, Tx. 78711

-10- 155