IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT JOE McSPADDEN | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION No. B-94-289 |
| WAYNE SCOTT, DIRECTOR | § | |
| T.D.C.J.- I.D. | § | |
| Respondent, | § | |

PETITIONERS MOTION FOR EVIDENTIARY HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Robert Joe McSpadden, Petitioner herein, and files this his Motion for Evidentiary Hearing. In support thereof, the Petitioner would show the Court the following:

I

Petitioner was denied the Right to Due Process or the Right to a fair and impartial trial or, Right to effective assistance of counsel, or all of the foregoing. Petitioners counsel failed to contact or properly secure all necessary defense witnesses.

If, Mary C. Newland had been secured as a witness and had testified truthfully, she would have testified to counseling Juanita Corkill, Sherry Corkill, and Carrie Carmona on several occasions and they never mentioned any sexual misconduct on the Petitioner's part. Also that on several occasions Carrie Carmona

stated that she would do anything to break up the marriage between her mother Juanita Corkill and the Petitioner.

## II

Petitioner's counsel didn't investigate the case before the trial, nor did he question all of the States witnesses.

If counsel had investigated the case, he would have found that Juanita Corkill and others had broken into Petitioner's house on several occasions and stolen personal property belonging to Petitioner and had used police and false charges to help her accomplish these thefts. He would also have validated the Petitioner's claim that prior to trial all of the witnesses had either denied or recanted any claim of sexual misconduct on the part of the Petitioner. Also, an investigation and more time spent properly preparing the case, would have enabled counsel to conduct a proper cross examination of the States witnesses and uncovered the incongruities in their testimony and alleged evidence. Especially as pertaining to the testimony alluding to the color of the Petitioner's pubic hair. It was said to be red, brown and gray and the Prosecutor pointed out the graying temples and the gray chest hair to back this allegation. The defense counsel did nothing to get this cleared up, if petitioner had been examined as he wanted to be, the color would shown to be uniformly brown.

## III

The Court denied the Petitioner a continuance to call a rebuttal witness to the States surprise witness, Melanie McSpadden.

-2- 143

If Jane Wright had been called as a witness and had testified truthfully, she would have testified that Melanie had told of the alleged rape by Petitioner on two or three occasions and the story was different each time and that she had recanted all of them. Also, Mrs Wright would have testified to the meeting between Juanita Corkill, Sherry Corkill, Carrie Carmona and Melanie McSpadden where they all denied the Petitioner had ever touched or abused them sexually and also to Melanie helping Ms. Corkill steal Petitioners property.

Wherefore Premises Considered, Petitioner pray this Honorable Court, grant this his Motion for Evidentiary Hearing.

Executed this the 3 day of April, 1995

*Robert Lee McSpadden* (signature)

Robert Joe McSpadden

600096

9601 N.E. 24th Ave.

Amarillo, Tx. 79107-9606

-3-  144

## CERTIFICATE OF SERVICE

This is to certify that on this the 3 day of April, 1995. A true and correct copy of Petitioner's Motion for Evidentiary Hearing, was mailed to:

Meredith Martinez

Asst. Atty. General

P.O.B. 12548

Austin, Tx. 78711

*Robert Joe McSpadden*

Robert Joe McSpadden

Petitioner

-4- 145