IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROBERT JOE McSPADDEN, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. ~~B-93-289~~ |
| § | B-94-289 |
| WAYNE SCOTT, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Respondents, § | |

**MOTION TO VACATE SCHEDULING ORDERS,
MOTION TO CONSOLIDATE HABEAS CORPUS CASES, AND
MOTION TO DISMISS FOR FAILURE TO EXHAUST
STATE COURT REMEDIES WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent in the above entitled and numbered cause and makes this **Motion to Consolidate Habeas Corpus Cases, Motion to Vacate Scheduling Orders, and Motion to Dismiss for Failure to Exhaust State Court Remedies with Brief in Support**. In support of this motion, Respondent shows the following:

**I.**

**HISTORY OF THE CASE**

On August 19, 1993, Petitioner filed a Complaint for Violation of Civil Right's Pursuant to 42 U.S.C §1983. This Complaint was filed in the Southers District, Houston Division. After examining Petitioner's allegations, United States District Judge Sim Lake found that Petitioner was challenging the fact or duration of his confinement and that his complaint should be designated as a petition for habeas corpus relief. The court also ordered that the application for writ of habeas corpus be transferred to the Southern District, Brownsville Division. On November 2, 1994, this Court, the Honorable Fidencio Garza, Jr., United States Magistrate Judge, ordered the state to respond to Petitioner's habeas application. The state responded that Petitioner's application should be dismissed for failure

to exhaust state court remedies. The Motion to Dismiss for Failure to Exhaust State Court remedies is still pending. All of these proceedings were in Civil Action Number B-93-217.

Petitioner also filed a petition for habeas corpus relief with this court on October 24, 1994. This case was designated Civil Action Number B-94-289. On November 22, 1994, this court, the Honorable Fidencio Garza, Jr., United States Magistrate Judge, ordered the state to respond to Petitioner's habeas application. The Director responded by moving that the court consolidate the two cases and dismiss the consolidated case for failure to exhaust state court remedies. This Motion to Dismiss for Failure to Exhaust State Court Remedies is pending.

On July 18, 1995 the court entered an order consolidating the two above mentioned cases and another case, Civil Action Number B-93-205, which is a separate civil rights action filed by Petitioner. The Director then filed a Motion seeking to sever the habeas actions (Civil Action Nos. B-93-217 & B-94-289) from the civil rights case (Civil Action No. B-93-205). The Director again requested that the habeas claims be dismissed for failure to exhaust state court remedies. Petitioner responded to this motion by indicating that he was not opposed to the severance but objecting that he did not want the habeas claims dismissed for failure to exhaust.

On March 12, 1996, this court entered an order vacating its Order to Consolidate. The Court then entered three identical scheduling orders on each of the three cases, Civil Action Nos. B-93-217 (the first habeas case), B-94-289 (the second habeas case) and B-93-205 (the civil rights case). To date, no ruling has been made on the Director's Motions to Dismiss for Failure to Exhaust State Court Remedies.

2

## II.

## MOTION TO VACATE SCHEDULING ORDERS

On March 12, 1996, this court entered orders setting discovery deadlines, dates for filing of joint pretrial orders, and trial dates in all three cases, Civil Action Nos. B-93-217 (the first habeas case), B-94-289 (the second habeas case) and B-93-205 (the civil rights case). These type of orders are not proper in a habeas corpus case under 28 U.S.C. § 2254.

Parties to a habeas corpus action may invoke the processes of discovery available pursuant to the Federal Rules of Civil Procedure only by leave of court for good cause shown. Rule 6(a), 28 U.S.C. fol. §2254. The requirement that good cause be shown before a habeas petitioner can engage in discovery precludes the use of discovery as a "fishing expedition." McSpadden has not alleged, much less shown, good cause for granting discovery in this case.

Similarly, a trial is not a proper proceeding in a federal habeas case. Federal courts do not retry facts already found by state courts. Instead, the federal courts are limited in habeas proceedings to assuring that the accused has been afforded the constitutional rights due him. *Ellis v. Collins*, 956 F.2d 76, 78 (5th Cir. 1992).

Because the scheduling orders concern procedures that are inapplicable to federal habeas corpus cases, the Director requests that the court vacate the orders in Civil Action Nos. B-93-217 (the first habeas case) and B-94-289 (the second habeas case). The Attorney General is not involved in and does not represent any of the defendants in Civil Action No. B-93-205 (the civil rights case), and nothing in this motion should be taken to apply to that case.

Should the court determine that this motion should not be granted, the Director requests that the court still consider the following Motion to Consolidate Habeas Corpus Cases, and the Motion to Dismiss for Failure to Exhaust State Court Remedies.

## III.

## MOTION CONSOLIDATE HABEAS CORPUS CASES

Petitioner currently has two applications for federal writ of habeas corpus pending before this court: Civil Action No. B-93-217 (originally filed as a civil rights case in the Houston Division) and Civil Action No. B-94-289. Both of these petitions challenge the same state court conviction, Cause No. 91-CR-887-C from the 107th Judicial District Court of Cameron County, Texas.

These cases were previously consolidated under Civil Action number B-93-205; however, that consolidated case also contained another case that was separate from McSpadden's habeas corpus cases. The Director moved to vacate the prior consolidation and to have the habeas cases consolidated separately. On March 12, 1996, the court vacated the consolidation which encompassed all three cases but did not separately consolidate the habeas cases.

The Director now moves the court to consolidate the two habeas corpus cases (Nos. B-93-217 and B-94-289) independent of the civil rights case. Pursuant to Federal Rule of Civil Procedure 42(a), consolidation is appropriate because the two habeas cases involve common questions of law and fact and consolidation of these cases would avoid unnecessary duplication of effort, cost, and delay. The Federal Rules of Civil Procedure apply to federal habeas cases to the extent that they are not inconsistent with the habeas rules. Rule 11, 28 U.S.C. fol. §2254.

Additionally, under the new rules governing habeas corpus petitions, consideration of McSpadden's second habeas petition may be precluded. 28 U.S.C. 2244(b)(1) provides that a second or successive habeas petition shall be dismissed. 28 U.S.C. 2244(b)(1) (as amended Apr. 24, 1996, Pub.L. 104-132, Title I, §§ 101, 106, 110 Stat. 1217, 1220.) There are certain very narrow exceptions to the rule requiring dismissal of second habeas petitions. To present his second habeas case, McSpadden would be required to present his claims to

a three judge panel of the court of appeals and receive authorization to pursue a second habeas case in the district court. 28 U.S.C. 2244(b)(3). If McSpadden's first and second habeas petitions were consolidated, it would avoid the possibility of his second habeas case being dismissed as successive.

This motion is not related in any way to Civil Action No. B-93-205, a separate civil rights case filed by Petitioner.

To avoid any confusion, identical copies of this motion are being filed in both habeas cases, Civil Action Nos. B-93-217 and B-94-289. Should the court deny this motion to consolidate, the Director maintains that both of the habeas corpus cases should be dismissed for failure to exhaust state court remedies. McSpadden has not exhausted all of the claims that he presents in either of his habeas cases. Should the court deny this motion to consolidate, the Director would urge the following Motion to Dismiss for failure to exhaust state court remedies in both cases separately.

## IV.

**MOTION TO DISMISS FOR FAILURE TO EXHAUST STATE COURT REMEDIES WITH BRIEF IN SUPPORT**

The Director has previously filed Motions to Dismiss for Failure to Exhaust State Court Remedies in both of McSpadden's habeas cases, Civil Action Nos. B-93-217 and B-94-289. Copies of McSpadden's state habeas application were forwarded to the court in connection with the motion to dismiss filed in Civil Action No. B-94-289. McSpadden has initiated no further state habeas proceedings and he has therefore not presented any of his unexhausted claims to the state courts.

At the time of the filing of the Director's motion in Civil Action No. B-94-289, McSpadden's claims had not been exhausted by presentation to the state court. The unexhausted claims have still not been presented to the Texas courts. As noted in the Director's prior motions, in order to satisfy the exhaustion requirement, a claim must be

presented to the highest court of the state for review. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 113 S. Ct. 102 (1992). In order to satisfy the exhaustion requirement, the state court system must have been apprised of the same facts and legal theories which the Petitioner urges in his federal application. *Lackey v. Scott*, 28 F.3d 486, 491 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 743 (1995). This court is precluded from reviewing any claims which have not been exhausted. *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 (5th Cir. 1981) (en banc). Although McSpadden has filed a state habeas application, "it is not sufficient merely that the federal habeas applicant has been through the state courts." *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971). All grounds raised in a federal application for writ of habeas corpus must be presented in the state courts prior to being presented in federal court. If only one claim is unexhausted, the entire "mixed petition" must be dismissed for failure to exhaust state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Sterling v. Scott*, 57 F.3d 451, 454 (5th Cir. 1995).

If the court chooses to consolidate McSpadden's habeas corpus cases (see above motion to consolidate) McSpadden's consolidated habeas case should be dismissed because he is presenting questions of law and fact which are different from those presented to the state courts. *See* Respondent's Previous Motion to Dismiss for Failure to Exhaust State Court Remedies. If the court determines that the two habeas corpus cases should not be consolidated, the respondent contends that the individual habeas corpus cases should both be dismissed for failure to exhaust state court remedies. *See* Motions to Dismiss filed in C.A. Nos. B-93-217 and B-94-289.

## V.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests this court to vacate the previously entered scheduling orders in Civil Action Nos. B-93-217 &

6

125

B-94-289. Further the Director respectfully requests that the court consolidate the two habeas corpus cases filed by McSpadden (Civil Action Nos. B-93-217 & B-94-289). The Director respectfully requests that the court dismiss the consolidated action for failure to exhaust state remedies.

Should the court conclude that consolidation is not appropriate, the Director respectfully requests that the court independently consider the Motions to Dismiss for Failure to Exhaust State Court Remedies previously filed in each case. Should the court conclude that state remedies have been exhausted sufficiently in either of McSpadden's habeas cases, the Director requests thirty days from the denial of the motion to file a response on the merits of McSpadden's claims in that case.

                                        Respectfully submitted,

                                        DAN MORALES
                                        Attorney General of Texas

                                        JORGE VEGA
                                        First Assistant Attorney General

                                        DREW T. DURHAM
                                        Deputy Attorney General for
                                        Criminal Justice

                                        WILLIAM C. ZAPALAC
                                        Assistant Attorney General
                                        Chief, Habeas Corpus Division

                                        _____
                                        JEREMY T. HARTMAN
                                        Assistant Attorney General
                                        Attorney-In-Charge
                                        State Bar No. 00793913

126

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF CONFERENCE

I, Jeremy T. Hartman, Assistant Attorney General of Texas, do hereby certify that a conference is not possible because Petitioner is incarcerated in the Texas Department of Criminal Justice, Institutional Division, and is proceeding pro se in this cause. Respondent will assume that Petitioner will oppose this motion.

*[signature]*
JEREMY T. HARTMAN
Assistant Attorney General

## NOTICE OF SUBMISSION

To: Robert Joe McSpadden, Petitioner, you are hereby notified that the undersigned attorney will bring the foregoing Motions before the Court as soon as the business of the Court will permit.

*[signature]*
JEREMY T. HARTMAN
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, Jeremy T. Hartman, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Motion to Vacate Scheduling Orders, Motion to Consolidate Habeas Corpus Cases, and Motion to Dismiss for Failure to Exhaust State Court Remedies with Brief in Support** has been served by placing same in the United States Mail, postage prepaid, on this the 26th day of September, 1996, addressed to:

Robert Joe McSpadden
TDCJ-ID #600096
Clements Unit
9601 N.E. 24th Street
Amarillo, Texas 79107

JEREMY T. HARTMAN
Assistant Attorney General