*18*

United States District Court
Southern District of Texas
FILED

NOV 20 1996

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT JOE McSPADDEN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. B-94-289 |
| | § | |
| WAYNE SCOTT, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondents, | § | |

### RESPONDENT'S ADVISORY TO THE COURT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent in the above entitled and numbered cause and makes this **Respondent's Advisory to the Court**. In support thereof, the Respondent would respectfully show the court the following:

### I.

### HISTORY OF THE CASE

On August 19, 1993, Petitioner filed a Complaint for Violation of Civil Right's Pursuant to 42 U.S.C §1983. This Complaint was filed in the Southers District, Houston Division. After examining Petitioner's allegations, United States District Judge Sim Lake found that Petitioner was challenging the fact or duration of his confinement and that his complaint should be designated as a petition for habeas corpus relief. The court also ordered that the application for writ of habeas corpus be transferred to the Southern District, Brownsville Division. On November 2, 1994, this Court, the Honorable Fidencio Garza, Jr., United States Magistrate Judge, ordered the state to respond to Petitioner's habeas application. The state responded that Petitioner's application should be dismissed for failure to exhaust state court remedies. The Motion to Dismiss for Failure to Exhaust State Court remedies is still pending. All of these proceedings were in Civil Action Number B-93-217.

Petitioner also filed a petition for habeas corpus relief with this court on October 24, 1994. This case was designated Civil Action Number B-94-289. On November 22, 1994, this court, the Honorable Fidencio Garza, Jr., United States Magistrate Judge, ordered the state to respond to Petitioner's habeas application. The Director responded by moving that the court consolidate the two cases and dismiss the consolidated case for failure to exhaust state court remedies. This Motion to Dismiss for Failure to Exhaust State Court Remedies is pending.

On July 18, 1995 the court entered an order consolidating the two above mentioned cases and another case, Civil Action Number B-93-205, which is a separate civil rights action filed by Petitioner. The Director then filed a Motion seeking to sever the habeas actions (Civil Action Nos. B-93-217 & B-94-289) from the civil rights case (Civil Action No. B-93-205). The Director again requested that the habeas claims be dismissed for failure to exhaust state court remedies. Petitioner responded to this motion by indicating that he was not opposed to the severance but objecting that he did not want the habeas claims dismissed for failure to exhaust.

On March 12, 1996, this court entered an order vacating its Order to Consolidate. The Court then entered three identical scheduling orders on each of the three cases, Civil Action Nos. B-93-217 (the first habeas case), B-94-289 (the second habeas case) and B-93-205 (the civil rights case). To date, no ruling has been made on the Director's Motions to Dismiss for Failure to Exhaust State Court Remedies.

On September 26, 1996, the Respondent filed a motion to vacate the scheduling orders in both of the habeas cases, Civil Action Nos. B-93-217 and B-94-289. The Respondent also moved to consolidate those cases and to dismiss the consolidated case for failure to exhaust state court remedies. Those motions are currently pending.

2

117

## II.

## ADVISORY

Pursuant to the Scheduling Orders entered on March 12, 1996, the parties are to file a Joint Pretrial Order no later than November 16, 1996. As noted in Respondent's previous motions, these type of orders are not proper in a habeas corpus case under 28 U.S.C. § 2254. The rules governing habeas corpus cases make no provisions for pretrial orders, pretrial or settlement conferences, or trials on the merits. Federal courts do not retry facts already found by state courts. Instead, the federal courts are limited in habeas proceedings to assuring that the accused has been afforded the constitutional rights due him. *Ellis v. Collins*, 956 F.2d 76, 78 (5th Cir. 1992).

Because the scheduling orders concern procedures that are inapplicable to federal habeas corpus cases, the Respondent requested that the court vacate the scheduling orders in Civil Action Nos. B-93-217 (the first habeas case) and B-94-289 (the second habeas case). Additionally, Respondent has had no contact from Petitioner concerning a pretrial order. Because of the pendency of Respondent's dispositive motions, and the fact that pretrial orders are not appropriate in federal habeas corpus cases, no proposed pretrial order has been filed.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Attorney General for
Criminal Justice

WILLIAM C. ZAPALAC
Assistant Attorney General
Chief, Habeas Corpus Division

3

*[signature: Jeremy Hartman]*

JEREMY T. HARTMAN
Assistant Attorney General
Attorney-In-Charge
State Bar No. 00793913

P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I, Jeremy T. Hartman, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Respondent Johnson's Advisory to the Court** has been served by placing same in the United States Mail, postage prepaid, on this the 18th day of November, 1996, addressed to:

Robert Joe McSpadden
TDCJ-ID #600096
Clements Unit
9601 N.E. 24th Street
Amarillo, Texas 79107

*[signature: Jeremy Hartman]*

JEREMY T. HARTMAN
Assistant Attorney General

4

115