IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 2 1997

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROBERT JOE McSPADDEN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. B-94-289 |
| | § | |
| WAYNE SCOTT, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
| Respondents, | § | |

**RESPONDENT'S OBJECTION TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent in the above entitled and numbered cause and makes this **Respondent's Objection to the Magistrates Judges's Report and Recommendation**. In support thereof, the Respondent would respectfully show the court the following:

**I.**

**HISTORY OF THE CASE**

On August 19, 1993, Petitioner filed a Complaint for Violation of Civil Right's Pursuant to 42 U.S.C §1983. This Complaint was filed in the Southern District, Houston Division. After examining Petitioner's allegations, United States District Judge Sim Lake found that Petitioner was challenging the fact or duration of his confinement and that his complaint should be designated as a petition for habeas corpus relief. The court also ordered that the application for writ of habeas corpus be transferred to the Southern District, Brownsville Division, where is was designated Civil Action No. B-93-217. On November 2, 1994, this Court, the Honorable Fidencio Garza, Jr., United States Magistrate Judge, ordered the state to respond to Petitioner's habeas application. The state responded that Petitioner's application should be dismissed for failure to exhaust state court remedies.

Petitioner also filed an additional petition for habeas corpus relief with this court on October 24, 1994. That case was designated Civil Action Number B-94-289. On November 22, 1994, this court, the Honorable Fidencio Garza, Jr., United States Magistrate Judge, ordered the state to respond to Petitioner's habeas application. The Director responded by moving that the court consolidate the two habeas cases and dismiss the consolidated case for failure to exhaust state court remedies.

On July 18, 1995 the court entered an order consolidating the two above mentioned cases and another case, Civil Action Number B-93-205, which is a separate civil rights action filed by Petitioner. The Director then filed a Motion seeking to sever the habeas actions (Civil Action Nos. B-93-217 & B-94-289) from the civil rights case (Civil Action No. B-93-205). The Director again requested that the habeas claims be dismissed for failure to exhaust state court remedies. Petitioner responded to this motion by indicating that he was not opposed to the severance but objecting that he did not want the habeas cases dismissed for failure to exhaust.

On March 12, 1996, this court entered an order vacating its Order to Consolidate. The Court then entered three identical scheduling orders on each of the three cases, Civil Action Nos. B-93-217 (the first habeas case), B-94-289 (the second habeas case) and B-93-205 (the civil rights case). On September 26, 1996, the Respondent filed a motion to vacate the scheduling orders in both of the habeas cases, Civil Action Nos. B-93-217 and B-94-289. The Respondent also moved to consolidate those cases and to dismiss the consolidated case for failure to exhaust state court remedies. The motion to consolidate the habeas cases is still pending. On December 12, 1996, the Magistrate entered identical recommendations on the habeas cases, Civil Action Nos. B-93-217 and B-94-289. In both cases, the Magistrate found that the variance between the factual allegations in Petitioner's state and federal habeas proceedings are not sufficient to merit dismissal for failure to exhaust state court remedies.

2

Counsel for respondent was served with a copy of the Magistrate Judge's Report and Recommendation on December 16, 1996. Excluding weekends and the Christmas holiday, this objection is being filed within ten days of service. FED.R. CIV.P. 6(a).

## II.

### OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate has concluded that Petitioner's state habeas application adequately presented all of the claims that he is making in his federal petition and that the variance between the factual allegations in the state and federal proceedings are not sufficient to support dismissal for failure to exhaust.

Respondent objects to this proposed finding. Many of the claims in McSpadden's federal habeas petition appear in his state habeas application. However, a portion of his one of his claims did not appear anywhere in his state habeas application. The claim that "Rule of Witnesses was in effect but witnesses were briefed all through the trial," was never mentioned anywhere in the state habeas proceedings. *Compare* Petition at 5, Sec. 12(A), *Ex parte McSpadden*, Appl. No. 26,733-01 at 2-6. Even if the state habeas application is given the broadest possible reading, the claim that witnesses violated "the rule" does not appear anywhere in the state habeas record. Because this claim has not been presented to the state courts, the Magistrate Judge's conclusion that McSpadden has sufficiently exhausted his state court remedies is in error. The inclusion of this claim in the federal petition is more than a mere "variance" from the allegations in his state habeas application. McSpadden has alleged an entirely new factual and legal basis for relief.

All of the grounds raised in a federal application for writ of habeas corpus must have been fairly presented to the state courts prior to being presented to the federal courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512 (1971). Further, the claim must have been presented to the state courts as a violation of the federal constitution. *Duncan v. Henry*, 115

S. Ct. 887, 888 (1995). The exhaustion of state remedies doctrine codified in 28 U.S.C. §2254 (b) and (c) reflects a policy that has been consistently adhered to by the Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit. *Picard*, 404 U.S. at 275, 92 S. Ct. at 512; *Deters* at 793.

In order to satisfy the exhaustion requirement, the state court system must have been apprised of the same facts and legal theories which the Petitioner urges in his federal application. *Lackey v. Scott*, 28 F.3d 486, 491 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 743 (1995); *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983); *Burns v. Estelle*, 695 F.2d 847, 849 (5th Cir. 1983). This court is precluded from reviewing any claims which have not been exhausted. *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 (5th Cir. 1981) (en banc). Even if the court were to conclude that McSpadden presented the legal theory of a due process violation to the state courts, the factual allegation supporting that legal argument have never been heard by the Texas Court of Criminal Appeals. To satisfy the exhaustion requirement, both the *facts* and the legal theory must have been presented to the state courts. *Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir. 1983). The claim regarding witnesses is an entirely new factual allegation that has appeared for the first time in McSpadden's federal habeas proceedings.

If only one claim is unexhausted, the entire "mixed petition" must be dismissed for failure to exhaust state remedies. *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199 (1982); *Sterling v. Scott*, 57 F.3d 451, 454 (5th Cir. 1995). McSpadden's petition is partially unexhausted and must be dismissed. In his current federal habeas petition McSpadden raises a claim that has never been presented to the state courts. His state habeas proceedings did not raise all of the factual claims that he is arguing before this court. Therefore, McSpadden's petition must be dismissed for failure to exhaust state remedies. 28 U.S.C. § 2254 (b) and (c); *Rose v. Lundy*, 455 U.S. at 510, 102 S. Ct. At 1199 (1982); *Sterling* 57 F.2d at 454.

4

///

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Attorney General for
Criminal Justice

WILLIAM C. ZAPALAC
Assistant Attorney General
Chief, Habeas Corpus Division


_____
JEREMY T. HARTMAN
Assistant Attorney General
Attorney-In-Charge
State Bar No. 00793913

P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

5

112

## CERTIFICATE OF SERVICE

I, Jeremy T. Hartman, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Respondent's Objection to the Magistrates Judges's Report and Recommendation** has been served by placing same in the United States Mail, postage prepaid, on this the 31st day of December, 1996, addressed to:

Robert Joe McSpadden
TDCJ-ID #600096
Clements Unit
9601 N.E. 24th Street
Amarillo, Texas 79107

_____
JEREMY T. HARTMAN
Assistant Attorney General