23

United States District Court
Southern District of Texas
FILED

MAY 0 5 1997

Michael N. Milby, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *ROBERT JOE McSPADDEN,* | § | |
| Petitioner, | § | |
| | § | |
| *v.* | § | Civil Action No. B-94-289 |
| | § | |
| *WAYNE SCOTT,*[1] *DIRECTOR,* | § | |
| *TEXAS DEPARTMENT OF CRIMINAL* | § | |
| *JUSTICE, INSTITUTIONAL DIVISION,* | § | |
| Respondent, | § | |

## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
## WITH BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director of the Institutional Division, Texas

Department of Criminal Justice, Respondent herein, hereinafter "the Director," by and

through his attorney, the Attorney General of Texas, and files this **Respondent Johnson's**

**Motion for Summary Judgment with Brief in Support**. In support thereof, the Director

would respectfully show the court the following:

### I.

### JURISDICTION

This court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C.

§§ 2241, 2254.

### II.

### DENIAL

The Director denies each and every allegation of fact made by Petitioner, hereinafter

"McSpadden," except those supported by the record and those specifically admitted herein.

---

[1]Gary L. Johnson has replaced Wayne Scott as Director of the Texas Department of Criminal Justice,
Institutional Division.  Pursuant to Federal Rule of Civil Procedure 25(d)(1), Johnson should automatically
be substituted for Scott as respondent in this action.

# III.

# STATEMENT OF THE CASE

The Director has lawful and valid custody of McSpadden pursuant to a judgment and sentence of the 107th District Court of Cameron County styled *The State of Texas v. Robert McSpadden*, Cause No. 91-CR-887-C. McSpadden pleaded not guilty to the indictment and was convicted by a jury of the felony offense of aggravated sexual assault of a child. On October 17, 1991, the jury assessed punishment at life confinement in the Texas Department of Criminal Justice, Institutional Division.

McSpadden did not appeal his conviction. He waived appeal as part of a plea bargain to dismiss other cases that were pending against him. He has filed one application for writ of habeas corpus in state court. The state habeas application was denied without written order on September 14, 1993. *Ex parte McSpadden*, Appl. No. 26,733-01 at cover.

McSpadden also has an additional federal habeas application pending before this court. Civil Action No. B-93-217 was originally filed as a civil rights action under 42 U.S.C. § 1983. The complaint was filed in the Southern District, Houston Division. United States District Judge Sim Lake found that the complaint should be designated as a petition for habeas corpus relief and ordered the application transferred to the Brownsville Division for proper venue. A motion to dismiss for failure to exhaust state court remedies is currently pending in that action.

# IV.

# STATE COURT RECORDS

Records of the state habeas corpus application have been forwarded to the cou' connection with the Director's Motion to Dismiss.

## V.

## EXHAUSTION OF STATE COURT REMEDIES

The director believes that McSpadden has not sufficiently exhausted his state remedies as required by 28 U.S.C. § 2254(b) and (c). However, the court has denied the Director's motion to dismiss for failure to exhaust state court remedies and the Director will answer McSpadden's complaints on the merits.

## VI.

## PETITIONER'S ALLEGATIONS

As grounds for relief, the Director understands McSpadden to allege that:

1.   He was denied due process because:

    A.   He was not allowed to attend arraignment,

    B.   He was only given twenty minutes to conduct voir dire,

    C.   The rule of witnesses was in effect but the witnesses were briefed all through the trial,

    D.   He was not allowed a continuance to offer rebuttal evidence,

    E.   He was tried for several offenses in one trial and then waived appeal in exchange for dismissal of the cases upon which he had already bee tried.

2.   He was denied effective assistance of counsel because counsel:

    A.   only spent two hours with McSpadden prior to trial,

    B.   failed to contact all witnesses,

    C.   failed to do any investigation,

    D.   failed to interview all of the state's witnesses,

    E.   was inadequate in his preparation and gave incorrect advice,

    F.   failed to act on McSpadden's questions and errors pointed c McSpadden,

ClickPDF - www.fenrir.com

G.    gave no advice at the post-trial meeting with the District Attorney.

3.    He was subjected to prosecutorial misconduct in that:

    A.    The prosecutor made racial and religious remarks during voir dire,

    B.    The jury was allowed to see McSpadden locked up,

    C.    The prosecutor asked McSpadden about being in the army, being a paramedic, and being a peace officer, knowing that he had no identification,

    D.    The prosecutor produced a surprise witness and alluded to evidence that McSpadden was not allowed to rebut,

    E.    The prosecutor made inflammatory remarks and called McSpadden names during closing argument.

## VII.

## STANDARD OF REVIEW

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). The Act includes amendments governing the appropriate standard of review as to claims under 28 U.S.C. § 2254 that were adjudicated on the merits in state court. Antiterrorism Act, § 104, 110 Stat. at 1218-1280. The Act applies to McSpadden's application, which was pending on the date of the act's passage. Since the AEDPA affects only procedural matters, it applies to all cases pending at the time of, or filed after, the date of its passage, regardless of the date of the underlying conviction. *Drinkard v. Johnson*, 97 F.3d 751, 765 (5th Cir. 1996), *cert. denied*, 117 S. Ct. 1114, 65 USLW 3598 (1997). The Act adds a new subsection, 28 U.S.C. § 2254(d), which provides:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court should not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996). McSpadden's claims were adjudicated against him in his state habeas proceeding. *Ex parte McSpadden*, Appl. No. 26,733-01 at cover.

The revised federal habeas statute also provides that, if the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that

> (A) the claim relies on
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (1996).

## VIII.

## MOTION FOR SUMMARY JUDGMENT

**1.   McSpadden was not denied due process.**

*-Arraignment-*

McSpadden claims that he was not allowed to attend his arraignment. Petition at 5, Sec. 12(A). He is mistaken. McSpadden was arraigned on September 12, 1991. He was present at that proceeding and entered his plea of not guilty. Both the arraignment form, signed by McSpadden, and the docket sheet indicate that McSpadden was present for the

5

077

CVisPDF - www.fenito.com

arraignment. *Ex parte McSpadden*, Appl. No. 26,733-01 at 15, 41. The state court's records are entitled to a presumption of regularity and McSpadden has offered nothing to rebut this presumption. Official records are entitled to a presumption of regularity and carry great evidentiary weight. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838, 106 S. Ct. 117 (1985). This court may properly rely on the regularity of the state court's documents in preference to a petitioner's self serving assertions. *Thompson v. Estelle*, 642 F.2d 996, 998 (5th Cir. 1981). McSpadden's claim that he was not present at arraignment is completely without merit.

*-Voir Dire-*

McSpadden claims that he was denied due process because he was only allowed twenty minutes to conduct voir dire. There is no evidence to support this assertion. McSpadden waived appeal, so there is no transcript of the voir dire or any other part of the trial.

Even if a time limit had been placed on voir dire, "the conduct of voir dire is left to the broad discretion of the trial judge." *Knox v. Collins*, 928 F.2d 657, 661 (5th Cir. 1991) (internal citations omitted), *cert. denied*, 510 U.S. 1061, 114 S. Ct. 732 (1994). The exercise of that discretion is limited only by the essential demands of fairness. "A voir dire procedure that effectively impairs the defendant's ability to exercise his challenges intelligently is ground for reversal." *Id.* McSpadden has offered no evidence that he was unable to effectively exercise his challenges. If fact, he has not even proven the underlying assertion that a time limit was placed on voir dire. He has not alleged, much less offered any proof, that he was forced to accept unknown or objectionable jurors. He has also not explained how additional voir dire time would have altered the jury that was seated.

Because McSpadden failed to adequately develop any factual basis to support this claim in state court, he is not entitled to a hearing to develop those facts now. His claim does not rely on a new retroactive rule of constitutional law or a factual basis that could not have

6

078

been previously discovered. Also, there is no indication of facts underlying the claim that would be sufficient to establish, by clear and convincing evidence, that but for constitutional error no reasonable factfinder would have found McSpadden guilty. 28 U.S.C. § 2254(e)(2).

## -*Witnesses*-

McSpadden claims that, although "the rule" was in effect, the witnesses were briefed throughout the trial. He does not specify which witnesses were briefed, who did the briefing, or what the witnesses were told. This claim is completely conclusory and insufficient to merit relief. *Koch*, 907 F.2d at 530. McSpadden has offered no proof of this claim and he has not alleged any affect on the outcome of his trial. There is no indication that any witnesses were untruthful. As with his voir dire claim, McSpadden's failure to adequately develop any factual basis of this claim in state court prevents him from advancing it now. 28 U.S.C. § 2254(e)(2).

## -*Continuance*-

McSpadden argues that he was deprived of his constitutional right to due process of law when the trial judge refused to grant a continuance to allow him to obtain rebuttal evidence. "The decision to grant or deny a continuance is normally within the discretion of the trial judge. This rule 'is grounded in precedent, tradition and common sense.'" *Thompson v. Mississippi*, 914 F.2d 736, 739 (5th Cir. 1990), *cert. denied*, 498 U.S. 1124, 111 S. Ct. 1083 (1991). Reversal is required only upon a clear abuse of discretion and a showing of prejudice. *Id.* McSpadden has shown neither an abuse of discretion or prejudice.

McSpadden claims that he was denied a continuance to offer rebuttal evidence. Much like his other claims, McSpadden offers no explanation of how he was harmed by this alleged error. He does not explain what rebuttal evidence he would have offered, nor has he proven that this evidence existed or was available. "Complaints of uncalled witnesses are not favored in federal habeas review because allegations of what a witness would have testified are largely speculative." *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986), *cert. denied*, 479

075

U.S. 1030, 107 S. Ct. 873 (1987). In this case, McSpadden has not even offered speculation regarding his rebuttal evidence. His petition contains nothing but the bare bones assertion that he could have rebutted some of the state's evidence.

"[A] court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition ..., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988). In this case, there is "no basis existing anywhere in the record for [McSpadden's] claims about what the witness would have said on the stand." *Id.*

### -Trial for multiple offenses-

McSpadden asserts that, although "Severance of Charges" was in effect, he was tried for three offenses in one trial. Apparently, McSpadden was originally charged with three separate offenses. After his trial and conviction in Cause No. 91-CR-887-C, McSpadden waived appeal in exchange for the dismissal of Cause Nos. 91-CR-888-C and 91-CR-889-C. *Ex parte McSpadden*, Appl. No. 26,733-01 at 32. McSpadden was not tried for all of these offenses in one trial. The judgement in this case was for one offense only. *Ex parte McSpadden*, Appl. No. 26,733-01 at 27.

It is possible that the other charges were mentioned in McSpadden's trial. However, there is no evidence of such, and McSpadden cannot base his claim on mere speculation and unsupported assertions. Even if the court were to interpret McSpadden's claim as one regarding the admission of extraneous offense, there is no evidence that other offenses were mentioned in McSpadden's trial. McSpadden was tried for only one offense and his claim to the contrary does not merit relief. *Ex parte McSpadden*, Appl. No. 26,733-01 at 27.

**2.     McSpadden received effective assistance from his counsel.**

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is on the petitioner, who must demonstrate both ineffectiveness and resultant prejudice. *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993). The standard by which a

8

claim of ineffective assistance of counsel is weighed is set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In order to establish that his counsel's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 687-88, 104 S. Ct. at 2064. In so doing, a convicted defendant must overcome a strong presumption that the conduct of his trial counsel fell within a wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 687-91, 104 S. Ct. at 2064-66; *Loyd v. Whitley*, 977 F.2d 149, 156 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 2343 (1993). Accordingly, an attorney's strategic choices, usually based on information supplied by the defendant and gathered from an investigation of the relevant law and facts, "are virtually unchallengeable." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066.

The federal courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight. *Id.* at 689, 104 S. Ct. at 2065-66. "[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the constitution." *Id.* at 692, 104 S. Ct. at 2067. In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068; *Loyd*, 977 F.2d at 159. This showing of prejudice must be "rather appreciable"; thus, a mere allegation of prejudice is not sufficient to satisfy the prejudice prong of *Strickland. Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994), *cert. denied*, 115 S. Ct. 1709 (1995).

Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Strickland* at 697, 104 S. Ct. at 2069; *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992); *United States v. Pierce*, 959 F.2d 1297, 1302 (5th Cir.), *cert. denied*, 113

S. Ct. 621 (1992). In addition, despite the liberality with which courts must construe *pro se* pleadings, mere conclusory allegations on a critical issue, such as ineffective assistance, are insufficient to raise a constitutional issue. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### -Brief Consultation-

McSpadden's first claim of ineffective assistance is that his attorney only spent two hours with him prior to trial. "However, brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel." *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). McSpadden has "not shown what additional evidence could have been produced had additional conversations taken place." *Id.* at 283. He has alleged no prejudice from the supposedly brief consultation and, even if the court were to accept this unsubstantiated allegation, he has not explained how more extensive consultation would have altered the outcome of the case. In the absence of an allegation of prejudice, the court does not even need to consider whether the alleged omission amounted to constitutionally deficient performance. *Clark v. Collins*, 19 F.3d 959, 965 (5th Cir.), *cert. denied*, 115 S. Ct. 432 (1994).

In this case, McSpadden has not asserted any prejudice from the allegedly brief consultation with his counsel. He does not explain how more in depth conference would have affected the trial or the evidence presented. To satisfy the *Strickland* standard, McSpadden must prove that, but for counsel's errors, the result of the proceeding would have been different. *Rushing v. Butler*, 868 F.2d 800, 806 (5th Cir. 1989). McSpadden's claim has not and cannot meet this standard.

### -Investigation-

McSpadden's next two claims are related. He asserts that his attorney did not contact all of his witnesses and that his attorney failed to do any investigation. These claims are also completely conclusory. McSpadden does not allege what witnesses should have been

10

082

contacted or what evidence could have been discovered by further investigation. "Complaints of uncalled witnesses are not favored in federal habeas review because allegations of what a witness would have testified are largely speculative." *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986), *cert. denied*, 479 U.S. 1030, 107 S. Ct. 873 (1987). McSpadden has not even offered speculation regarding what could have been discovered and he has certainly offered no proof.

McSpadden has offered nothing but his bald assertions to support this claim. He does not offer any affidavits or other proof from the allegedly missing witnesses. He offers no confirmation that these witnesses were available to testify or that they would have offered relevant evidence. As noted above, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition ..., unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Joseph*, 838 F.2d at 788. McSpadden has offered no basis to support his claims regarding faulty investigation or uncalled witnesses.

*-Interviewing State's Witnesses-*

Next, McSpadden claims that his attorney failed to interview all of the state's witnesses. Once again, he offers no proof of his assertions and he alleges no prejudice. He does not explain which witnesses should have been interviewed, what would have been learned from those interviews, or how the information would have any effect on the outcome of the trial. As with his other allegations, McSpadden has not even alleged, much less offered any proof of prejudice. Without any allegations of prejudice, it is unnecessary to consider whether the alleged omission amounted to constitutionally deficient performance. *Clark*, 19 F.3d at 965. Even if the court accepts McSpadden's unfounded assertion that his attorney failed to interview the state's witnesses, there is no evidence that anything exculpatory would have been discovered by extensive interviews with these witnesses. McSpadden has not shown how this would have affected the outcome of his trial. McSpadden has not shown that

11

083

the alleged failure to investigate was deficient performance or that is prejudiced his defense in any manner.

### -Inadequate preparation and incorrect advice-

McSpadden claims that his attorney was ineffective because he was inadequate in his preparation and gave incorrect advice. He has not identified any specific deficiencies in counsel's performance and he has not pointed out one single piece of incorrect advice given by his attorney. McSpadden's claims are completely conclusory and mere conclusory allegations are insufficient to raise a constitutional issue. *Koch*, 907 F.2d at 530; *Ross*, 694 F.2d at 1011.

### -Failure to act on questions and errors pointed out by McSpadden-

Next, McSpadden complains that his attorney failed to act on McSpadden's questions and the errors that McSpadden pointed out. Once again, he has made only the most conclusory and vague allegations of deficient performance and he has not alleged or proven any prejudice. He does not state what questions his attorney should have asked and he does not explain what errors he pointed out that counsel refuse to act upon. "The [habeas] petitioner must set forth specific allegations of fact, not mere conclusory allegations." *Johnson v. Scott*, 68 F.3d 106, 112 (5th Cir. 1995). McSpadden has offered no support for his contention that his attorney failed to take his advice on the conduct of the case and there is no indication of prejudice.

### -No advice as post-trial meeting-

Finally, McSpadden asserts that his attorney gave no advice in a post-trial meeting with the District Attorney. This claim is contradicted by McSpadden's own pleadings. In his state habeas application, McSpadden alleges that his attorney advised him to take the deal that was offered. *Ex parte McSpadden*, Appl. No. 26,733-01 at 6. This was a deal in which McSpadden would waive appeal in exchange for dismissal of two pending indictments and an agreement by the state not to pursue any further action against him. *Ex parte McSpadden*,

12

084

Appl. No. 26,733-01 at 32. McSpadden had already received a life sentence. If he had proceeded to trial on the other offenses, he could have received additional life sentences and those sentence could have been "stacked" on the sentence that he had. TEX.PENAL CODE 42.08(a) (Vernon 1988) (consecutive sentencing is at discretion of trial court). Under the law in effect at the time of his offenses, McSpadden will be eligible for parole when he has served twenty years. TEX.CODE CRIM.PROC. Art. 42.18, Sec. 8(b) (Vernon 1988). However, had he been convicted of the additional offenses and received consecutive sentences, his time served prior to parole eligibility could be doubled or tripled. Counsel's advice to waive appeal and take the deal was not deficient performance. McSpadden has identified no errors that would have resulted in a favorable outcome on appeal. His waiver of appeal cost him nothing and it bought him freedom from any further prosecution. Even if there had been some arguable ground for appeal, the decision to waive appeal and avoid further prosecution would have been a valid strategic choice on the part of McSpadden's attorney.

McSpadden's claims of ineffective assistance of counsel are completely without support in the record. He has alleged no prejudice from his counsel's allegedly deficient performance and none of his claims of ineffective assistance merit relief.

**3.      There was no prosecutorial misconduct.**

McSpadden alleges several instances of prosecutorial misconduct in course of the trial. Improper jury argument by the state does not present a claim of constitutional magnitude in a federal habeas action unless it is so prejudicial that the state court trial was rendered fundamentally unfair within the meaning of the Due Process Clause of the Fourteenth Amendment. *Jones v. Butler,* 864 F.2d 348, 356 (5th Cir. 1988), *cert. denied,* 490 U.S. 1075, 109 S. Ct. 2090 (1989). "To establish that a prosecutor's remarks are so inflammatory, the petitioner must demonstrate that the misconduct is persistent and pronounced or that the evidence of guilt was so insubstantial that the conviction would not have occurred but for the improper remarks." *Id.* at 356. The petitioner has the burden of showing that the evidence

13

against him was so insubstantial that but for the remarks of the prosecution, no conviction would have occurred. *Felde v. Blackburn,* 795 F.2d 400 (5th Cir. 1986); *Rushing v. Butler,* 868 F.2d 800, 807 (5th Cir. 1989); *Guidroz v. Lynaugh,* 852 F.2d 832, 838 (5th Cir. 1988). Mere conclusory allegations do not suffice. *Felde,* 795 F.2d at 400. "A prosecutor's remarks must be more than undesirable or even universally condemnable before reversal is warranted. Instead, the prosecutor's remarks must infect the whole trial with such unfairness as to make the resulting conviction a denial of due process." *Bell v. Lynaugh,* 828 F.2d 1085, 1095 (5th Cir. 1987), *cert. denied,* 484 U.S. 933, 108 S. Ct. 310 (1987), *citing Darden v. Wainwright,* 477 U.S. 168, 181, 106 S. Ct. 2464, 2471 (1986). "A prosecutor's improper argument will, in itself, exceed constitutional limitations in only the most egregious cases." *Ortega v. McCotter,* 808 F.2d at 410, *citing Menzies v. Procunier,* 743 F.2d 281, 288-289 (5th Cir. 1984).

As with his other claims, McSpadden has produced no evidence to support his allegations of prosecutorial misconduct. He has also provided no argument explaining how the prosecutor's alleged actions affected his trial or rendered that trial fundamentally unfair. Where a petitioner has produced nothing more than a list of instances of so-called prosecutorial misconduct, the court is justified in dismissing the contentions. *U.S. v. Jones,* 614 F.2d 80, 82 (5th Cir.), *cert. denied,* 446 U.S. 945, 100 S. Ct. 2174 (1980).

*-Voir dire-*

McSpadden's first claim of prosecutorial misconduct deals with remarks allegedly made during voir dire. As noted above, there is no transcript of the voir dire proceedings or any other portion of the trial. McSpadden has not identified the remarks made by the prosecutor. He has only made a general and generic allegation of "racial and religious" remarks. This type of conclusory allegation, completely without support in the record and completely devoid of any explanation, is insufficient to raise an issue in a federal habeas proceeding. *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990).

14

086

*-Jury viewed McSpadden "locked up"-*

Similarly, McSpadden's claim that the jury was allowed to see him locked up is totally without support in the record. McSpadden does not claim that he wore prison clothes throughout his trial, he merely claims that the jury viewed him "locked up." McSpadden does not explain if he was merely handcuffed, shackled, or in full prison garb. The trial judge has the discretion to have a prisoner handcuffed. *Hernandez v. Beto*, 443 F.2d 634, 636 (5th Cir. 1971), *cert. denied*, 404 U.S. 897, 92 S. Ct. 201 (1971).

Additionally, McSpadden has not asserted how long the jurors were allowed to view him locked up. A brief and fortuitous encounter of the defendant in handcuffs by jurors is not prejudicial and requires an affirmative showing of prejudice by the defendant. *Wright v. Texas*, 533 F.2d 185, 187 (5th Cir. 1976). McSpadden has not made sufficient allegations to satisfy this standard. His vague reference to being locked up is insufficient to merit relief.

*-Improper questioning-*

McSpadden asserts that the prosecutor wrongfully questioned him about his background because the prosecutor knew that he could not prove that he had been in the army, been a paramedic, and been a peace officer. There is no error in asking a defendant to back up his claims when he is testifying. Once again, there is no evidence to support McSpadden's allegation, but even if there were, it is not unconstitutional to ask a defendant to verify his assertion that he is a productive member of the community.

Even if the court were to consider McSpadden's unsupported claims, in order to establish that he is entitled to relief on the basis of improper questioning by the prosecution, McSpadden must show that the prosecutor's comments so infected the trial with unfairness as to make the resulting conviction a violation of due process. *Foy v. Donnelly*, 959 F.2d 1307, 1316 (5th Cir. 1992). If McSpadden testified regarding his past employment, the judgment of whether to believe him was up to the jury. There is no error in the state's attorney pointing out that McSpadden had no evidence to support his claim. McSpadden's

15

087

# IX.

## CONCLUSION

McSpadden has not shown that his claims rely on a new rule of constitutional law made retroactive by the Supreme Court or that his claims rely on a factual predicate that could not have been previously discovered by the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A)(1-2) (1996). Nor has he shown that the facts underlying his claims would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. 28 U.S.C. § 2254(e)(2)(B) (1996). Therefore, McSpadden is not entitled to an evidentiary hearing on his claims.

Similarly, McSpadden has not shown that the state court's decisions regarding any of his claims were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. Nor has he shown that those state court decisions resulted in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d) (1996). Therefore, McSpadden's claims do not merit federal habeas corpus relief.

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that the court dismiss the current action on the merits, with prejudice.

Respectfully submitted,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

DREW T. DURHAM
Deputy Attorney General for
Criminal Justice



17

089

employment history was, at best, a secondary issue at trial. Supposed confusion on the part of jurors regarding whether McSpadden had ever been in the army is not sufficient to deny him a fundamentally fair trial.

### -Surprise witness-

McSpadden claims that the prosecution produced a surprise witness. This is the extent of his allegation. He does not even identify who this witnesses was, much less explain how he was surprised. In a petition that is rife with conclusory allegations, this alleged incident of prosecutorial misconduct is possibly the most conclusory and groundless of the lot. There are absolutely no facts alleged to support this claim. Reference to McSpadden's state habeas application does nothing to expound on this allegation. The state habeas application contains the same bare bones assertion with no supporting facts. *Ex parte McSpadden*, Appl. No. 26,733-01 at 38 ("State introduced a surprise witness whose testimony had nothing to do with this charge."). McSpadden's allegation is insufficient to present any issue to this court.

### -Closing argument-

Finally, McSpadden alleges that the prosecutor made inflammatory remarks and called McSpadden names during closing argument. This claim is just like McSpadden's claim regarding the prosecutor's alleged "religious and racial" remarks made during voir dire. There is absolutely no evidence to support this claim and McSpadden does not identify the argument that was made, much less explain how it rendered his trial fundamentally unfair.

Mere conclusory allegations do not raise an issue in a federal habeas corpus proceeding. *Smallwood v. Johnson*, 73 F.3d 1314, 1351 (5th Cir.), *cert. denied*, 117 S. Ct. 212 (1996). McSpadden's conclusory allegation, completely without support in the record and completely devoid of any explanation, are insufficient to raise his alleged issues before this court.

16



WILLIAM C. ZAPALAC
Assistant Attorney General
Chief, Habeas Corpus Division


JEREMY T. HARTMAN
Assistant Attorney General
Attorney-In-Charge
State Bar No. 00793913

P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 936-1400
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

### CERTIFICATE OF CONFERENCE

I, Jeremy T. Hartman, Assistant Attorney General of Texas, do hereby certify that a conference is not possible because Petitioner is incarcerated in the Texas Department of Criminal Justice, Institutional Division, and is proceeding pro se in this cause.  Respondent will assume that Petitioner will oppose this motion.


JEREMY T. HARTMAN
Assistant Attorney General

### NOTICE OF SUBMISSION

To: Robert Joe McSpadden, Petitioner, you are hereby notified that the undersigned attorney will bring the foregoing Motions before the Court as soon as the business of the Court will permit.


JEREMY T. HARTMAN
Assistant Attorney General

18

090

## CERTIFICATE OF SERVICE

I, Jeremy T. Hartman, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Respondent Johnson's Motion for Summary Judgment with Brief in Support** has been served by placing same in the United States Mail, postage prepaid, on this the 29th day of April, 1997, addressed to:

Robert Joe McSpadden
TDCJ-ID #600096
Clements Unit
9601 Spur 591
Amarillo, TX 79107

JEREMY T. HARTMAN
Assistant Attorney General

19

091