United States ...
Southern ENTERED
MAY 28 1998
Michael N. Milby,
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 27 1998

Michael N. Milby, Clerk

| | |
|---|---|
| ROBERT JOE McSPADDEN § | |
| Petitioner, § | |
| § | |
| VS. § | Civil Action No. B-94-289 |
| § | |
| WAYNE SCOTT, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

## ORDER OF DISMISSAL

Before the Court is the Petitioner Robert Joe McSpadden's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and the Respondent's Motion for Summary Judgment. The Petitioner was convicted on October 17, 1991 of Aggravated Sexual Assault and at this time raises three substantive claims consisting of Violation of Due Process, Ineffective Assistance of Counsel and Prosecutorial Misconduct.

The Petitioner pled not guilty to Aggravated Sexual Assault of a Child, and on October 17, 1991, a jury found him guilty and assessed punishment at life imprisonment. The Petitioner waived his right to appeal as part of a plea bargain to dismiss other cases that were pending against him and therefore, he did not appeal this conviction.

The Court has thoroughly reviewed the Petitioner's grounds for relief and is of the opinion that each one of his claims has been waived pursuant to his waiver of appeal. Federal habeas review is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal." *United States v. Smith*, 844 F.2d 203, 205 (5th Cir. 1988). The *Smith* case addressed a habeas issue, and the Fifth Circuit Court of Appeals expressed that errors may not be raised in a § 2255 motion if they could

have been raised on direct appeal. *Id.* at 206. Further, the Supreme Court, in *Wainwright v. Sykes,* 433 U.S. 72 (1977), has held that the procedural default of a state defendant precludes federal habeas review of the claim, absent a showing of cause and prejudice. The *Sykes* standard applies to a prisoner's failure to appeal his conviction. *Clark v. State of Texas,* 788 F.2d 309, (5th Cir. 1986). In the Petitioner's case, he voluntarily waived his right to appeal and his habeas claims should be barred.

Accordingly, it is ORDERED, ADJUDGED and DECREED that the Petitioner's **Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254** should be and is hereby **DENIED**, and the **Respondent's Motion for Summary Judgment** should be and is hereby **GRANTED** and this case **DISMISSED**.

Done this 27th day of May, 1998, in Brownsville, Texas.

Filemon B. Vela
United States District Judge