3

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
**FILED**
JUL 2 8 1999
CHARLES R. FULBRUGE III
CLERK

No. 98-40767
USDC No. B-94-CV-289

ROBERT JOE McSPADDEN,

        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

United States District Court
Southern District of Texas
FILED
AUG 17 1999
Michael N. Milby
Clerk of Court

        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
- - - - - - - - - -

Before BENAVIDES, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Robert Joe McSpadden, Texas prisoner # 600096, moves this court for a certificate of probable cause (CPC) following the district court's dismissal of his petition for a writ of habeas corpus, filed in 1994, pursuant to 28 U.S.C. § 2254. A petitioner is required to make a substantial showing of the denial of a federal right to obtain a CPC. Barefoot v. Estelle, 463 U.S. 880, 893 (1983). In order to make a substantial showing, the petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." Id.

McSpadden's request for a CPC is granted because the district court erred in its sua sponte determination that McSpadden's trial-court waiver of appeal waived the issues he sought to raise in his § 2254 petition. His waiver in the trial court states only that McSpadden "waives the right to appeal the verdict herein" and states nothing about waiving his right to seek habeas relief. The state habeas court did not rely on the waiver in denying McSpadden's habeas application. Nor did the respondent plead the procedural bar in federal district court.

The district court's reliance on the waiver in dismissing McSpadden's § 2254 petition is misplaced. Only when the state habeas court invokes such a procedural default is review of the issues precluded in federal court. Harris v. Reed, 489 U.S. 255, 262 (1989) (federal review precluded absent a showing of cause for the procedural default and resulting prejudice, or a miscarriage of justice). The court also erred in not giving McSpadden notice that it was considering procedural default and the opportunity to respond to that notice. Magouirk v. Phillips, 144 F.3d 348, 358-59 (5th Cir. 1998) (district court may raise procedural default in habeas sua sponte but abuses its discretion by not giving petitioner notice and an opportunity to respond).

Because the district court erroneously relied upon McSpadden's waiver of his right to file a direct appeal from his conviction in state court in dismissing McSpadden's § 2254 petition, McSpadden's request for a CPC is GRANTED. No further

No. 98-40767
-3-

briefing is necessary, and the district court's judgment is VACATED, and the case is REMANDED.  See Clark v. Williams, 693 F.2d 381, 381-82 (5th Cir. 1982).

The motion filed by the Federal Public Defender to represent McSpadden in this appeal is DENIED as unnecessary.

ClibPDF - www.fastio.com