```
COURTROOM MINUTES:  Felix Recio Judge Presiding
                    Southern District of Texas, Brownsville Division

Courtroom Clerk    :   M Garcia
Court Reporter     :   E Schwab
Law Clerk          :   R Bryd
CSO                :   T Yanez
TDC Correctional
Officers

Date               :   March 25, 2002 at 9:10 a.m.
------------------------------------------------------------------
CIVIL CASE NO. B-94-289
CRIMINAL NO.

Robert Joe McSpadden                                    R de Coss

vs

Gary L Johnson, Director                                Karyl Krug
Texas Dept Criminal Justice
------------------------------------------------------------------
```

United States District Court
Southern ...

MAR 25 2002

Michael N. Milby, Clerk of Court

**EVIDENTIARY HEARING**

Rene De Coss present with Plaintiff Robert Joe McSpadden; Karyl Krug present for the Director;
Also present is attorney Joe Valle, on a witness subpoena;
Court addresses Valle as to issues on prosecutorial misconduct;
Rene de Coss states he will not proceed with that claim;
The Court excuses Joe Valle as a witness;

Witnesses sworn and asked to remain outside the Courtroom, Rule invoked;

Plaintiff's attorney Rene de Coss calls 1st witness, Robert Joe McSpadden;
Witness proceeds to state several facts of case;
Witness states never waived his right to have a District Judge hear his case;
Plaintiff's attorney passes the witness;

Deft's attorney Ms. Krug proceeds to question witness;
Witness passed;

The Court questions the witness on several issues;
Pf's attorney state he will argue as to the hazards of the defendant testifying and failure to move for mistrial;
Pf's attorney also states to the Court they will also raise the issue of unfair trial;
Pf's attorney states there appears to have been no reporter available for trial;
Witness excused;

Defendant's attorney K Krug calls 1st witness, Mr Banks;
Witness states he was the attorney of record for McSpadden;
Witness states he discussed allegations and theory of case with McSpadden;

The Court would like copies of Motions and letters in the possession of Mr Banks made, submitted and marked as exhibits, by Ms Krug;

Witness states he discussed at length the hazards of McSpadden testifying;
Ms Krug passes the witness;

Plaintiff's attorney De Coss proceeds to question witness;

The Court recesses: 10:45 am
Court resumed: 11:00 a.m.

The Court questions the witness, Mr Banks, as to the issue of the amount of time for voir dire;
Deft's atty passes the witness;

Plaintiff's attorney cross-examines the witness;
De Coss questions witness about extraneous offenses brought about during trial;
De Coss questions witness about the amount of time for voir dire;
Mr Banks states did not object to the re-assignment of Judges;

Court would like to see Counsel in chambers: 11:40 a.m.
Court resume: 11:44 a.m.

De Coss continues with questioning;
Witness passed;

Court recess: 12:03 p.m.
Court resume: 1:30 p.m.

Defendant's atty calls 2nd witness, Janie Corkhill;
Witness states she was married to McSpadden;
Plaintiff's attorney states objection as to the line of questioning;
Witness is excused;

Exhibits submitted by both parties;

R de Coss proceeds with final arguments and states McSpadden was not properly convicted States the assignment does not state 197th court but 107th, therefore the assignment is improper and the judgment is void; Attorney argues ineffective counsel and the admission of extraneous offenses;

K Krug proceeds with final arguements;

The Court will prepare a report and recommendation to Judge Tagle;
Mr McSpadden will be returned back to Beeville;

Court adjourned.