64

United States District Court
Southern District of Texas
FILED

AUG 21 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| *ROBERT JOE McSPADDEN,* Petitioner, | § | |
| | § | |
| | § | |
| *v.* | § | Civil Action No. B-94-289 |
| | § | |
| *JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,* Respondent, | § § § § | |

**RESPONDENT COCKRELL'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Respondent Janie Cockrell, Director, Texas Department of Criminal Justice, Institutional Division ("The Director"), by and through her attorney, the Attorney General of Texas, and files this Respondent Cockrell's Objections to the Magistrate Judge's Report and Recommendation. The Director would respectfully show the court the following:

**I.**

The magistrate judge's report and recommendation was signed and entered on August 8, 2002. The Director received a copy, via facsimile, on August 8, 2002. The Director was required to file objections within ten days of service. Under Rule 6 of the Federal Rules of Civil Procedure, excluding weekends and legal holidays, these objections are due on August 22, 2002.[1] They are being sent via overnight mail on August 20, 2002. Therefore, they are timely filed.

---

[1] A review of the court's docket sheet shows that the clerk's office has calculated the due date without regard for Rule 6 and have, in error, determined the due date for these objections to be August 18, 2002. "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."

## II.

## OBJECTIONS

1) The federal magistrate found that "Petitioner's due process rights were also violated by the unusual trial and *habeas corpus procedures* which were employed in the state court." Report and Recommendation ("R&R") at 5 (emphasis added). This finding is highly objectionable because "Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief." *Vail v. Procunier*, 747 F.2d 277 (5th Cir. 1984). An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself. *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 2559 (1996). McSpadden's[2] challenge to the manner in which the state courts handled his state habeas does not entitle him to relief from the federal courts. *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997).

2) The Director strongly objects to the magistrate judge's assertions that all of McSpadden's claims have been exhausted. R&R 8. McSpadden's failure to exhaust almost all of the specific claims addressed by the magistrate will be discussed in further detail below. The magistrate judge's treatment of the exhaustion issue flies in the face of all known jurisprudence on exhaustion as well as the Fifth Circuit's most recent pronouncement on the same in *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001):

> To exhaust, a petitioner "must have fairly presented the substance of his claim to the state courts". *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997) (citing *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)), cert. denied, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (internal citation omitted). Indeed, "where petitioner advances in federal court an argument based on a legal theory distinct from

[2] McSpadden did not actually raise this issue himself; the magistrate did that for him.

> that relied upon in the state court, he fails to satisfy the exhaustion requirement". *Vela v. Estelle*, 708 F.2d 954, 958 n. 5 (5th Cir.1983), *cert. denied, McKaskle v. Vela*, 464 U.S. 1053, 104 S.Ct. 736, 79 L.Ed.2d 195 (1984).

*Id.* at 259. The magistrate is obviously taking the position that, because McSpadden raised one ineffective assistance of counsel claim, every possible permutation of ineffective assistance of counsel is exhausted. R&R 8. Or he is taking the position that McSpadden's other claims can be combined with his ineffective assistance of counsel claim to form new ineffective assistance of counsel claims. That is clearly wrong under *Wilder:*

> In previous cases involving the exhaustion of multiple, distinct ineffective assistance claims, our court has treated each claim separately. For example, in *Jones v. Jones*, 163 F.3d 285, 296-98 (5th Cir.1998), *cert. denied*, 528 U.S. 895, 120 S.Ct. 224, 145 L.Ed.2d 188 (1999), we performed an independent exhaustion analysis for each of five distinct ineffective assistance claims. Moreover, where a habeas petitioner presents two separate claims disjunctively in state court, he cannot combine those claims in federal court to present a new issue and then insist that new issue has been exhausted. *See Thomas v. Collins*, 919 F.2d 333, 334-35 (5th Cir.1990), *cert. denied*, 501 U.S. 1235, 111 S.Ct. 2862, 115 L.Ed.2d 1029 (1991).

*Id.*, 274 F.3d at 261.

All of McSpadden's unexhausted claims are procedurally defaulted under *Vega v. Johnson*, 149 F.3d 354, 362 (5th Cir.1998), *cert. denied*, 119 S. Ct. 899 (1999); *Muniz v. Johnson*, 132 F.3d 214, 221 (5th Cir.), *cert. denied*, 118 S. Ct. 1793 (1998) and *Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997), *cert. denied*, 118 S. Ct. 1845 (1998) (*Vega*, *Muniz*, and *Nobles*, held that the defaulted claims had yet to be presented to the State courts; therefore, they were unexhausted and procedurally defaulted, concluding that the respective petitioners could not satisfy the standard for avoiding a state citation for abuse of the state writ).

3) The Director objects to the magistrate judge's finding that trial counsel was ineffective for failing to object to the substitution of judges after voir dire. R&R 13-15.

As a preliminary matter, this claim is unexhausted and procedurally defaulted. Nowhere in his state writ application did McSpadden raise his claim that trial counsel was ineffective for failing

to object to the substitution of judges. *Ex parte McSpadden*, Application No. 26,733-01, at 1-7. He raised a separate claim that "Also a different Judge presided over Voir Dire and swearing in the Jury than preside over the Trial," but did not raise the issue as an ineffective assistance of counsel claim. *Id.* at 4. The magistrate judge may not combine the claim McSpadden did raise with his ineffective assistance of counsel claim to raise a new claim. *Wilder*, 274 F.3d at 261. Nor did McSpadden offer any legal basis whatsoever for the claim he did raise, making it a conclusory allegation. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

Here the magistrate judge, likewise, also fails to state any legal basis for the objection he says trial counsel ("Banks") should have made to the substitution of judges. This is probably because there is not any.[3] It has long been the law that trial counsel cannot be found ineffective for failing to make a futile objection. *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

The magistrate judge's opinion that it was objectionable that Judge Garcia, a county court at law judge who had sat on felony cases before, was "vastly less experienced at handling first degree felony cases than Judge Hester" is unsupported by any state or federal law stating that a defendant is entitled to a judge who is really, really experienced handling the particular grade of felony the defendant has chosen to commit. What about newly elected criminal district court judges with no previous judicial experience whatsover? Surely a county court at law judge who had previously been assigned felony cases was well qualified by comparison. In any event, the Director knows of no state or federal constitutional right to an "experienced" trial court judge.

---

[3] The magistrate judge was provided at the hearing with the various provisions of the Texas Government Code that allow for such an appointment as well as the appointment order. These include Texas Government Code § 25.0003, § 25.0331, § 25.0332, § 74.121, and § 74.054.

Perhaps most incredibly, the magistrate judge suggests that Banks was ineffective because he did not foresee that "years later" the substitution of judges might cause McSpadden some problem during the state habeas proceedings. Given that infirmities in state habeas proceedings cannot form a basis for federal habeas relief, and that any infirmities in the state habeas proceedings have nothing whatsoever to do with whether McSpadden received constitutionally adequate representation at trial, it is quite astonishing that the magistrate judge hangs his prejudice analysis on what occurred "years later" during the state habeas proceedings.

The magistrate judge erroneously contends that, "Under Texas law, it is not clear whether a mid-trial transfer is constitutional." This assertion by the magistrate judge is wrong and unsupported by any law. The Texas Court of Criminal Appeals has held that the substitution of trial judges is not error, absent an abuse of discretion. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App.1984); *Hogan v. State*, 529 S.W.2d 515, 517 (Tex.Crim.App.1975); *Joines v. State*, 482 S.W.2d 205, 208 (Tex.Crim.App.1972). In *Joines*, a different judge presided over voir dire than presided over the remainder of the trial, as occurred in the instant case. The Court of Criminal Appeals held that such a substitution was not error.

Finally, the magistrate judge concludes by saying that the failure to object to the substitution of judges "prejudiced McSpadden greatly." How? In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), the Supreme Court established a two prong test for deciding ineffective assistance claims. Under that test, a defendant must show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Id.* at 687, 104 S. Ct. at 2064. A reviewing court need not consider the deficiency prong if it concludes that the defendant has demonstrated no prejudice. *Id.* at 697, 104 S. Ct. at 2070. The defendant moreover, may not simply allege but must "affirmatively prove" prejudice. *Id.* at 693, 104 S. Ct. at 2067. *Hill v. Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 37071 (1985). In order to prove prejudice "the defendant must show that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon the petitioner, who must demonstrate that ineffectiveness by a preponderance of the evidence. *Martin v. Maggio*, 711 F.2d 1273 (5th Cir. 1983). Even assuming *arguendo* that counsel was somehow deficient, the magistrate judge wholly fails to state how the result of the trial would have been different had the same judge presided throughout the trial. Nor does he say how things would have been different had a more experienced judge presided over the trial. Rather, the magistrate argues that McSpadden was prejudiced because of what occurred "years later" at the state habeas proceedings. This simply has not bearing on whether the result of McSpadden's trial would have been different, which is the inquiry required under existing Supreme Court precedent.

To recap, the magistrate is plainly wrong because (1) what occurred "years later" at the state habeas proceedings had nothing to do with whether or not McSpadden was prejudiced at trial and, (2) as the Director pointed out in objection 1, *supra*, a defendant is not entitled to federal constitutional relief due to infirmities in state habeas proceedings.

4) The Director objects to the magistrate judge's finding that trial counsel was ineffective for failing to object to the prosecutor's questions regarding extraneous acts committed by McSpadden. R&R 15-17. As a preliminary matter, this claim is unexhausted and procedurally defaulted. McSpadden never complained in his state writ that counsel was ineffective for failing to object to extraneous act testimony.

Additionally, McSpadden personally invited the testimony regarding the extraneous offenses. The victim in this case was Sheri Carmona. Keri Carmona and Melanie McSpadden were called in as rebuttal witnesses after McSpadden opened the door by denying his guilt and by claiming that Sheri, Teri, Keri, and Melanie had all denied being sexually abused by him. 3 Statement of Facts

("SF") 30. McSpadden denied that he ever had sex with Sheri. 3 SF 39. McSpadden denied that he had ever had sexual contact with Keri. 3 SF 43. McSpadden denied making sexual advances toward Melanie and claimed that their relationship was really good. 3 SF 45. Therefore, their testimony to the contrary was invited, and an objection to their testimony would have been futile. The magistrate judge overleaps the question of whether McSpadden had, in fact, opened the door to this extraneous offense testimony, making any objection futile, and faults Banks for not objecting "to determine *from the judge* if the door had been opened." R&R 17. To render effective assistance, counsel is not required to make futile objections. *Westley v. Johnson*, 83 F.3d 714, 722 (5th Cir.1996); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir.1990). There is no constitutional requirement that trial counsel run a futile objection by a judge just to make sure it is, in fact, futile.

5) The Director objects to the magistrate judge's finding that Banks was ineffective during voir dire. R&R 17-19. This claim, too, is unexhausted and procedurally defaulted, as it was never raised or briefed in the state habeas proceedings. Therefore, relief is not available to McSpadden on this claim. Nor does it appear that this claim was even raised in McSpadden's federal writ petition or the new, improved set of claims briefed by the federal public defender. The magistrate judge has nonetheless granted relief on the claim it has raised *sua sponte*. *See Wilder v. Cockrell*, 274 F.3d at 259, 263 (conditional grant of relief vacated because Wilder failed to exhaust state court remedies on claim raised *sua sponte* by the court).

Essentially, without any record before it, the magistrate judge has determined that trial counsel's failure to object to a 20-minute-per-side voir dire in this case amounted to ineffective assistance of counsel. This is in spite of the trial attorney's testimony that "with the voir dire by the judge, the half an hour or so we had to go over the jury questionnaries, and the questions not only I raised but the questions the district attorney raised with the jury I felt was adequate under the circumstances." R&R 8 n. 63. Without any record before the magistrate to contradict defense

counsel, the magistrate judge has nonetheless decided that counsel's actions were unreasonable.

The magistrate judge cites several Texas cases in which a trial judge's decision to limit voir dire was found to be unreasonable, and suggests that they turn on the amount of time allowed when, in fact, those cases turn on whether the defendant sought to ask a proper question, but was denied the opportunity to do so. *Ex parte McKay*, 819 S.W.2d 478, 482 (Tex. Crim. App. 1990); *McCarter v. State*, 837 S.W.2d 117, 121 (Tex. Crim. App. 1992). The test, in one case cited by the magistrate, is (1) whether the party attempted to prolong the voir dire, (2) whether the questions that the party was not permitted to ask were proper voir dire questions, and (3) whether the party was not permitted to examine prospective jurors who actually served on the jury. *Morris v. State*, 1 S.W.3d 336, 340 (Tex. App.–Austin, 1999, no. pet.), *citing Ratliff v. State*, 690 S.W.2d 597, 599-600 (Tex.Crim.App.1985). This comports with the holding in *Thomas v. State*, 658 S.W.2d 175 (Tex. Crim. App. 1983), also cited by the magistrate. The trial court can set reasonable time limits on voir dire, and the Director can find no Texas case that says a 20-minute time limit in and of itself is unreasonable. *Clark v. State*, 608 S.W.2d 667, 669 (Tex.Crim.App.1985). McSpadden has not shown that, had trial counsel objected and requested more time, the trial court would have granted more time; that there was a proper question that trial counsel should have asked but did not; that he was not permitted to examine prospective jurors who were actually seated on the jury; or that he was harmed by trial counsel's failure to make such a request. In fact, since McSpadden has never briefed this claim in either the state or federal proceedings, he has not even attempted to demonstrate, in either forum, that he is entitled to relief.

6) The Director further objects to the magistrate judge's finding that trial counsel was ineffective for inadequate pretrial preparation. R&R 19-21. This claim, as addressed by the magistrate judge, is unexhausted and procedurally defaulted. The way this claim was alleged in state court was "Insufficient information and preparation by my Attorney prior to Trial. Only 2 hours with me." This

conclusory allegation is all that was exhausted in state court with regard to McSpadden's inadequate preparation/investigation allegation. To exhaust a claim in state court for federal review, the state court has to have been apprized of the same legal theory and facts that were presented in state court:

> A state prisoner normally must exhaust all available state remedies before he can apply for federal habeas relief. *See Ex parte Royall*, 117 U.S. 241, 251, 6 S.Ct. 734, 740, 29 L.Ed. 868 (1886). To have exhausted his state remedies, a habeas petitioner must have fairly presented the substance of his claim to the state courts. *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 512-13, 30 L.Ed.2d 438 (1971). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Anderson v. Harless*, 459 U.S. 4, 6-7, 103 S.Ct. 276, 277-78, 74 L.Ed.2d 3 (1982); *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir.1983).

*Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir.1997). Any factual allegation other than his complaint that Banks' preparation was inadequate because he only spent two hours with McSpadden is unexhausted and procedurally defaulted.

McSpadden never claimed in his state writ that trial counsel was ineffective for failing to file a motion requesting that extraneous offenses be excluded. This claim is without merit, anyway, because a quick review of the trial record reveals that McSpadden did file such a motion. *See* Exhibit A (copy of "Defendant's Motion in Limine Number One.") While the magistrate maintains that trial counsel testified otherwise, it should be noted that he was cross-examined about his representation ten years after trial, and suffered a heart attack a few days after this hearing, both of which may have impaired his recollection with regard to what actually occurred at trial.

The only exhausted claim of those addressed by the magistrate is brevity of consultation which, alone, will not support a claim of ineffective assistance of counsel. *Mattheson v. King*, 751 F.2d 1432, 1439 (5th Cir. 1985), *cert. denied sub nom Mattheson v. Phelps*, 475 U.S. 1138, 106 S.Ct. 1798 (1986); *Murray v. Maggio*. McSpadden has not alleged, nor has the magistrate judge revealed, how McSpadden was prejudiced by this alleged failure.

The magistrate states that trial counsel was confused about which of three cases were to go to trial the day trial commenced. This is another unexhausted and procedurally defaulted claim but, again, it is without merit. The record reveals that trial counsel thought they were proceeding on all three indictments rather than just one, which, absent evidence to the contrary, would logically lead one to conclude that Banks was prepared to defend against all three, that he was over-prepared rather than under-prepared. The magistrate does not say how this prejudiced McSpadden except with reference to another unexhausted claim, that trial counsel voir dired the jury on all three allegations instead of one. However, without a record, McSpadden cannot demonstrate prejudice. This claim is unexhausted, procedurally defaulted, and meritless.

7) The Director objects to the trial judge's finding that trial counsel was ineffective for failing to move for a mistrial. R&R 21-23. What McSpadden actually pled in his state writ was that he was refused a mistrial. *Ex parte McSpadden*, at 3. He did not allege that trial counsel failed to move for a mistrial. So the precise claim the magistrate wants to grant relief on is unexhausted. Nonetheless, it is without merit.

The magistrate relies on Mr. Banks' testimony ten years after the fact, rather than on the contemporaneous trial record, which amply demonstrates that this claim is without merit. Banks himself raised the issue of there being a violation of the Rule, Texas Rule of Evidence 613, at trial. 3 SF 104. A witness stated that the victim's father had been talking to the mother and a child. 3 SF 105. The witness saw the father leave the courtroom twice, while the court had seen the father come and go five times. 3 SF 105-06. The trial court asked defense counsel if he wanted a mistrial as a result of the Rule violation. The trial court was trying to clarify what Banks was seeking, not saying that he could have a mistrial just by asking for it. Banks responded "What I want is sanctions against the State, that they cannot put on any of the witnesses that are out there in the hallway . . . " 3 SF 106. After testimony that the victim's father had, indeed, been speaking with his ex-wife about

matters testified to in the courtroom, the State was not allowed to put on any of the witnesses after they heard the father. 3 SF 109.

McSpadden was not harmed by the violation of the Rule because the witnesses who violated the Rule were excluded and, therefore, McSpadden was left without any basis upon which to request a mistrial. Further, McSpadden has not cited any case where a defendant was entitled to a mistrial after the witnesses he wanted excluded were, in fact, excluded. *See Potter v. State*, 74 S.W.3d 105, 111 (Tex. App.–Waco, 2002). Not every violation of "the rule" will result in reversible error. *Hougham v. State*, 659 S.W.2d 410, 413 (Tex.Cr.App.1983); *Haas v. State*, 498 S.W.2d 206, 210 (Tex.Cr.App.1973). It must first be determined whether the witness actually heard the testimony of the other witness, and whether the witness's testimony contradicted the testimony of the witness he allegedly heard. In this case, since the witnesses never testified after the Rule violation, the answer is no. Therefore, McSpadden has failed to meet his burden in demonstrating that trial counsel was ineffective for failing to request a mistrial, to which he was clearly not entitled under the circumstances.

8) The Director objects to the magistrate judge's finding that McSpadden is entitled to relief on the basis of cumulative error. R&R 23-25. As a preliminary matter, he bases his finding on cumulative error on what are mostly unexhausted facts and claims, which have already been discussed in these objections, *supra*. Further, McSpadden never raised a cumulative error claim, making the overall claim unexhausted and procedurally defaulted. Finally, "He has not established *any* error; therefore, there is nothing to cumulate." *United States v. McIntosh*, 280 F.3d 479, 484 (5th Cir. 2002)(emphasis in original).

9) The Director objects to the magistrate judge's finding that the mid-trial transfer of judges, in combination with the ineffective assistance, "led to a non-adversarial proceeding, and the conviction and sentence of the Petitioner cannot constitutionally be upheld." First of all, McSpadden did not

exhaust this claim as a federal constitutional complaint in his state writ. *Ex parte McSpadden*, at 4. Second, it has never been established that the "mid-trial transfer of judges" under the facts of this case constitutes a cognizable federal constitutional claim. The Fifth Circuit has entertained such a claim where there was "a substitution of judges during the taking of testimony," leaving open the question of whether it was a violation of the defendant's constitutional rights. *Randel v. Beto*, 354 F.2d 496, 500 (5th Cir. 1965). If this is a state law claim only, it is not, of course, cognizable in a federal writ. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 480 (1991). If it is indeed a federal claim, it may also be barred by *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060 (1989), and the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2254(d)(1). In any event, McSpadden has never demonstrated that he was prejudiced in any way by the substitution of judges. Only the magistrate has advanced the non-meritorious argument that the substitution prejudiced him during the state habeas proceedings.

**III.**

WHEREFORE, PREMISES CONSIDERED, the director respectfully requests that McSpadden's petition for writ of habeas corpus be denied.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General
for Criminal Justice

S. MICHAEL BOZARTH
Assistant Attorney General
Chief, Habeas Corpus Division

KARYL KRUG
Assistant Attorney General
Deputy Chief, Habeas Corpus Division
State Bar No. 0078603
Federal Bar No. 23781

P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2140
(512) 936-1280 (Fax)

ATTORNEYS FOR RESPONDENT

**CERTIFICATE OF SERVICE**

I, Karyl Krug, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing Respondent Cockrell's Objections to the Magistrate Judge's Report and Recommendation has been served by placing the same in the United States Mail, postage prepaid, on this the 20th day of August, 2002, to counsel for Robert Joe McSpadden:

Rene E. DeCoss, Esq.
700 E. Washington Street
Brownsville, Texas 78520

KARYL KRUG
Assistant Attorney General

# EXHIBIT A

CAUSE NUMBERS 91-CR-887, 888 and 889-C

THE STATE OF TEXAS § IN THE DISTRICT COURT

vs. § 197TH JUDICIAL DISTRICT

ROBERT McSPADDEN § CAMERON COUNTY, TEXAS




DEFENDANT'S MOTION IN LIMINE NUMBER ONE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the Defendant, Robert McSpadden, by and through his attorney, Robert J. Banks, and moves this Honorable Court to instruct the prosecution not to mention, allude to, or refer to, directly or indirectly, during any stage of this trial, including but not limited to the voir dire examination, opening statements, direct and cross-examination of any witnesses, jury arguments, or during any part of the punishment hearing, if any is held, the following:

1. That the Defendant in this Cause has the right to appeal the judgment of conviction;

2. That a hearing outside the presence of the jury is necessary because of a motion or request filed by the Defendant in this Cause, thereby placing the blame squarely upon the shoulders of the Defendant for actions taken by the Court in accordance with the law;

3. That the Defendant, subsequent to his arrest in this Cause, exercised his constitutional right to remain silent and not answer any questions asked of him by law enforcement officials;

4. That the Defendant may have made a statement immediately after he was detained and/or arrested in this Cause, to any investigator or law enforcement official, until such time as a hearing is conducted by the Court outside the presence and hearing of the jury to determine the admissibility of any such statement; and that this Court instruct the prosecution to advise the Court prior to eliciting any such testimony in order that the Court can recess the trial and conduct said hearing without the necessity of counsel for the Defendant having to object to said testimony and request the hearing in the presence of the jury;

5. That the Defendant has been accused, charged or convicted of any extraneous offenses;

6. Any exhibits or testimony of any offenses alleged by the victims herein to have been committed by Defendant and for which he has not been indicted in this Cause;

7. Any hearsay statements or other evidence constituting hearsay; and

8. Any hearsay statement(s) of the alleged victim(s) made to any "outcry witness" that is not in compliance with Article 38.072, *Code of Criminal Procedure*.

Respectfully submitted,

Robert J. Banks
Texas Bar No. 01686020
Suite 102
308 East Van Buren Avenue
Harlingen, Texas 78550
512-423-3745
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of October, 1991 I did cause to be delivered to the office of the Cameron County Criminal District Attorney a true copy of the foregoing Defendant's Motion In Limine Number One.

Robert J. Banks