```
                UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF TEXAS
                     BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
ENTERED

SEP 2 9 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| **ROBERT JOE McSPADDEN,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-94-289 |
| **GARY JOHNSON, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, INSTITUTIONAL DIVISION,** | § | |
| Respondents. | § | |

## ORDER

BE IT REMEMBERED that on September 29, 2003, the Court considered Petitioner's writ of habeas corpus petition [Dkt. No. 1] and Respondents' Motion for Summary Judgment [Dkt. No. 23]. For the reasons that follow, the Court **DENIES** Petitioner's writ and **GRANTS** Respondents' Motion for Summary Judgment.

### I. Introduction

Petitioner filed a timely 28 U.S.C. Section 2254 for a writ of habeas corpus. On referral, a United States Magistrate Judge conducted an evidentiary hearing, and narrowed his findings to two issues: 1) the prejudice inflicted upon the Petitioner due to a mid-trial transfer of judges, and 2) Petitioner's ineffective assistance of counsel claim. The Magistrate Judge "utilize[d] a totality of the circumstances test to find that Petitioner's conviction and sentence can not constitutionally be upheld. . . and determined Petitioner's 28 U.S.C. Section 2254 Application should be granted." This Court reviews *de novo* those portions of the Report and Recommendation ("R&R") to which objection is made. "A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Those portions of the R&R for which there are no objections, the Court reviews for clearly erroneous findings and conclusions of law. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## II. Procedural and Factual Background

Petitioner is in the custody of the Director of the Texas Department of Criminal Justice, Institutional Division, pursuant to a judgment and sentence of the 107th District Court of Cameron County, Texas, in Cause No. 91-CR-887-C. McSpadden pleaded not guilty to the indictment and was convicted by a jury for the felony offense of aggravated sexual assault of a child. On October 17, 1991, the jury assessed a punishment of life confinement.

Petitioner did not file a direct appeal of his conviction. He waived appeal as part of an agreement to dismiss other similar cases that were pending against him. Petitioner filed two applications *pro se* for writ of habeas corpus in state court. The state judge presiding at trial denied in one order Petitioner's first and second applications for writ of habeas corpus, concluding in one page that the "Application[s] fail[ ] to present a controverted, previously-unresolved issue of fact which is material to the legality of the Defendant's confinement. Therefore an evidentiary hearing is unnecessary." Petitioner's habeas application was then forwarded to the Court of Criminal Appeals, which denied the habeas application without written order on September 14, 1993. See Ex Parte McSpadden, Appl. No. 26,733-01.

In his original state habeas petition, McSpadden raised the following grounds for relief:

1) He was denied due process because:
    a. He was not allowed to attend his arraignment;
    b. He was only given twenty minutes to conduct voir dire;
    c. The rule of witnesses was in effect but the witnesses were briefed all through the trial;
    d. He was not allowed a continuance to offer rebuttal evidence;
    e. He was tried for several offenses in one trial and then waived appeal in exchange for dismissal of the cases upon which he had already been tried.
2) He was denied effective assistance of counsel because his trial attorney:
    a. Only spent two hours with him prior to trial;

2

   b. Failed to contact all witnesses;

   c. Failed to do any investigation;

   d. Was inadequate in his preparation and gave incorrect advice;

   e. Failed to interview all of the state's witnesses;

   f. Failed to act on McSpadden's questions and errors that McSpadden pointed out;

   g. Gave no advice at the post-trial meeting with the District Attorney.

 3) He was the victim of prosecutorial misconduct in that:

   a. The prosecutor made racial and religious remarks during voir dire;

   b. The jury was allowed to see McSpadden locked up;

   c. The prosecutor asked McSpadden about being in the Army, being a paramedic, and being a peace officer, knowing that he had no identification;

   d. The prosecutor produced a surprise witness and alluded to evidence that McSpadden was not allowed to rebut;

   e. The prosecutor made inflammatory remarks and called McSpadden names during closing argument.

The state filed a motion to dismiss for failure to exhaust state remedies. In particular, it argued that McSpadden had failed to exhaust his claims for ineffective assistance of counsel by failing to: contact all possible defense witnesses; investigate the charges against McSpadden prior to trial; interview all of the state's witnesses; and act on McSpadden's advice concerning questions and errors in testimony. The state also argued McSpadden failed to exhaust claims that his counsel gave him no advice at the alleged post-trial meeting with the D.A., and his claim of prosecutorial misconduct when the jury was allowed to see McSpadden "locked up." United States District Judge Filemon B. Vela adopted a Magistrate Judge's recommendation to deny this motion to dismiss on the grounds that Petitioner had exhausted his state remedies. Soon thereafter, Judge Vela granted the state's motion for summary judgment and dismissed the habeas petition, finding that Petitioner had waived both his appellate and habeas corpus review rights in the post-trial agreement with the state. On review, the Fifth

Circuit vacated the district court order and remanded the case, holding that because the "state habeas court did not rely on the waiver in denying McSpadden's habeas application" and respondent did not "plead the procedural bar in federal district court," the district court erroneously relied on McSpadden's waiver of direct appeal to dismiss the petition. On remand, Judge Vela recused himself after Petitioner filed a motion requesting that Judge Tagle be "reaffirmed as the judge of record."

Upon reassignment of the case to this Court, the case was referred to Magistrate Judge Felix Recio who appointed counsel for the Petitioner. The Magistrate Judge ordered Petitioner and his counsel to file "a comprehensive brief" explaining "his current writ of habeas corpus claims" and to list briefly those facts supporting Petitioner's claims. Additionally, an evidentiary hearing was scheduled.

Petitioner's counsel complied with the Magistrate Judge's order. Petitioner's brief greatly expanded on the claims raised in his original petition. Additionally, new claims were added including due process and prosecutorial misconduct claims concerning the cross examination of McSpadden. Petitioner raised new ineffective assistance of counsel claims concerning the alleged inadequacies of the opening statement, and defense counsel's conduct regarding the presentation of defense and rebuttal evidence. More specifically, Petitioner now asserted his trial counsel was ineffective for failing to test adequately certain discrepancies in expert testimony; failing to advise Petitioner of the hazards of testifying; failing to move for a mistrial when the witness rule was violated; failing to properly advise Petitioner on his waiver of appellate rights; and generally ineffective at the sentencing stage of the proceedings. Finally, Petitioner raised a new conflict of interest issue concerning the prosecutor in the case.

Due to a conflict of interest, Petitioner's first habeas attorney withdrew from the case, and a new attorney was appointed. During the March 25, 2002, evidentiary hearing before Magistrate Judge Recio, Petitioner, through his counsel, stated he was not proceeding with a claim for "prosecutorial wrongdoing [on the part of] any other prosecutor." 03/25/02 Tr. at p. 7. Additionally, Petitioner's counsel stated at the evidentiary hearing that he was not proceeding with his ineffective assistance of counsel claims concerning: counsel's opening statement; counsel's presentation of

"defense evidence" including expert testimony; or counsel's ineffectiveness during sentencing or in counseling Petitioner regarding the waiver of his appellate rights. Tr. 03/25/02 at pp. 40-43. The Magistrate Judge treated Petitioner's oral representations as an amendment to his petition and later brief, and addressed only the following claims for relief in his R&R: 1) the prejudice sustained by the Petitioner due to a transfer of judges after jury selection; and 2) trial counsel's ineffectiveness regarding: a) failure to consult with and or object to a substitution of judges in the middle of the trial; b) failure to object at crucial stages during the cross-examination of the Petitioner; c) ineffectiveness during voir dire; d) ineffectiveness during pre-trial preparations; e) failure to move for a mistrial when "the Rule" had been violated; and f) the cumulative effect of counsel's ineffectiveness, which led to the government's case becoming a non-adversarial proceeding, and ultimately resulted in an unfair trial.

The state timely filed objections to the Magistrate Judge's R&R. The Court will address these objections by section. Petitioner did not file objections and thus has not objected to the Magistrate Judge's description of the remaining claims.

### III. Exhaustion of State Remedies- § 2254 Petitions in Federal Courts[1]

A state prisoner seeking federal court review of his conviction pursuant to Title 28 U.S.C. Section 2254 must assert a violation of a federal constitutional right. See Lawrence v. Lensing, 42 F.3d 255, 258 (5th Cir. 1994); Gray v. Lynn, 6 F.3d 265, 268 (5th Cir. 1993); Lowery v. Collins, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991); Hill v. Johnson, 210 F.3d 481, 490-91 (5th Cir. 2000), cert. denied, 532 U.S. 1039, 121 S.Ct. 2001 (2001); Green v. Johnson, 160 F.3d 1029, 1035 (5th Cir. 1998), cert. denied, 525 U.S. 1174 (1999); Hallmark v.

---

[1]Without considering its substance, the Court will not disturb Judge Vela's earlier order, which denied the state's Motion to Dismiss and ruled that the claims in Petitioner's original federal habeas petition were exhausted. However, this Court will rule on the exhaustion of remedies concerning new claims addressed by the Magistrate Judge in the R&R now under review.

Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997), cert. denied sub nom. Johnson v. Monroe, 522 U.S. 1003 (1997). The question before a federal habeas corpus court, therefore, is not whether the state court correctly applied its own interpretation of state law, but rather whether the petitioner's federal constitutional rights were violated. See Hill v. Johnson, 210 F.3d at 490-91.

Section 2254 of Title 28 of the United States Code requires that, before a federal court can grant a writ of habeas corpus filed by a state prisoner, the petitioner must have exhausted all remedies available to him in the state-court system. See 28 U.S.C. § 2254(b)(1)(A); Gray v. Netherland, 518 U.S. 152, 161 (1996). A primary reason for this rule is to give state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing. See Rose v. Lundy, 455 U.S. 509, 518 (1982). Thus, any issue brought to the federal court must have been first "fairly presented" to the state court for review. See Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)). "'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.'" Id. (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)). Furthermore, courts in this circuit have treated each distinct ineffective assistance of counsel claim separately. "In Jones v. Jones, 163 F.3d 285, 296-98 (5th Cir. 1998), cert. denied, 528 U.S. 895 (1999) . . . [the Fifth Circuit] performed an independent exhaustion analysis for each of five distinct ineffective assistance claims. Moreover, where a habeas petitioner presents two separate claims disjunctively in state court, he cannot combine those claims in federal court to present a new issue and then insist that new issue has been exhausted. See Thomas v. Collins, 919 F.2d 333, 334-35 (5th Cir. 1990). . . "

Failure to raise the issue through an available procedure in the state system, either by way of direct appeal or through post-conviction review, renders the claim unexhausted for purposes of federal review. See 28 U.S.C. § 2254(c). Furthermore, when a petition contains both exhausted and unexhausted claims and review remains available in the state system, the federal court must dismiss the entire matter.

6

Despite a petitioner's failure to litigate certain claims in the appropriate state forum, a federal court will consider those claims to be exhausted if a state procedural bar would prevent consideration of the claim were the petitioner to re-present it to the state court. See Muniz v. Johnson, 132 F.3d 214, 220-22 (5th Cir. 1998) ("A federal habeas court may not consider a state prisoner's claim if the state court based its rejection of that claim on an independent and adequate state ground."); Martin v. Maxey, 98 F.3d 844, 847 (5th Cir. 1996). See also George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture.") (citing Gray, 518 U.S. at 161-62). On the other hand, if such circumstances occur, the court will consider the claim to have been denied, hence procedurally defaulted, on an adequate and independent state-law ground. See Mackall v. Angelone, 131 F.3d 442, 450 (4th Cir. 1997) (en banc); George, 100 F.3d at 364 n.14 (citing Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995)). And, when a claim is procedurally defaulted on such grounds, federal review will be unavailable, absent a showing of cause and prejudice or a miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Muniz, 132 F.3d at 220; Williams v. French, 146 F.3d 203, 208-09 & n.7 (4th Cir. 1998) ("Under the doctrine of procedural default, absent cause and actual prejudice or a miscarriage of justice, a federal habeas court may not review constitutional claims when a state court has declined to consider their merits on the basis of an adequate and independent state procedural rule."). See also Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).

Under Texas law, habeas petitioners must present all state claims in their first petition. See Tex. Code Crim. Proc. Ann. art. 11.07, § 4(a) (Vernon Supp. 2003). The successive petition will be barred unless the petitioner presents specific facts establishing that current claims and issues could not have been presented in the earlier petition, or "by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt." Id. § 4(a)(2). The Fifth Circuit has recognized article 11.07 to be an adequate

state procedural bar, holding this rule "is strictly and regularly enforced in these circumstances by the Texas Court of Criminal Appeals." Muniz, 132 F.3d at 221 (citing Nobles v. Johnson, 127 F.3d 409, 423 (5th Cir. 1997)).[2]

### IV. Standard of Review for Section 2254 Petitions

MsSpadden filed his federal petition for writ of habeas corpus on October 24, 1994. Because this petition was filed prior to April 24, 1996, the enactment date of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (codified in scattered sections of 28 U.S.C.), this Court must apply pre-AEDPA standards to the issues raised in this case. See Lindh v. Murphy, 521 U.S. 320, 326-27 (1997); Green v. Johnson, 116 F.3d 1115, 1119-20 (5th Cir. 1997). Under the pre-AEDPA standard of review, "the state court's determination of a factual issue, 'shall be presumed to be correct,' unless a federal court, upon considering the relevant part of the state record, 'concludes that such factual determination is not fairly supported by the record.'" Lockett v. Anderson, 230 F.3d 695, 707 (5th Cir. 2000) (citing 28 U.S.C. § 2254(d)(8), amended by 28 U.S.C. § 2254(e)(1) (1996). This presumption of correctness will not apply, however, if the petitioner establishes one of several enumerated factors. Among these factors are: (1) merits of the factual dispute were not resolved in the state court; (2) factfinding procedure used by state court was not adequate to afford full and fair hearing; or (3) material facts were not adequately developed at the state court hearing. Review under the pre-AEDPA law is more generous toward the petitioner than under the law since AEDPA's enactment.

Under the AEDPA, federal courts are no longer authorized to correct mere error in state court proceedings, but must instead exercise the more limited review set forth in Section 2254(d). That section now provides that

> [a]n application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted

---

[2]To the extent that the Court determines certain claims are barred due to procedural default, Petitioner has had ample notice that certain claims could be dismissed on this basis because the state pled this argument in all of its pleading and objections. See Magouirk v. Phillips, 144 F.3d 348, 360 (5th Cir. 1998).

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2) (as amended).

Accordingly, in reviewing an attack on a petitioner's state court convictions under the new AEDPA standards, the Court begins with a presumption that the state court's factual determinations are correct. The petitioner bears the burden of rebutting this presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

In Lindh v. Murphy, 521 U.S. 320 (1997), the Supreme Court characterized Section 2254(d) as a "new, highly deferential standard for evaluating state court rulings." Id. at 333 n.7. In Williams v. Taylor, 529 U.S. 362 (2000), Justice O'Connor, speaking for the majority on this issue, further elucidated the standard:

> Section 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under Section 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the

9

> "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 412-13. See also Price v. Vincent, No. 02-524, slip op. at 4-6 (U.S. May 19, 2003) (applying these standards). The Court noted that "the phrase 'clearly established Federal law, as determined by the Supreme Court of the United States' . . . refers to the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." Taylor, 529 U.S. at 412-13. Furthermore, the Court indicated that,

> [u]nder Section 2254(d)(1)'s "unreasonable application" clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 411. In other words, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.

## V. Objections to the Magistrate Judge's R&R - Federal Due Process

### A. State's Objection 1 - Sustained:

The Magistrate Judge found that "Petitioner's federal due process rights were. . . violated by the unusual trial and habeas corpus procedures which were employed in state court." R&R, at p. 5. Specifically, the Magistrate Judge found that McSpadden was entitled to relief due to the substitution of judges after voir dire. According to the pleadings and testimony, Judge Everardo Garcia, a County Court at Law judge in Cameron County, was appointed by Judge Darrell Hester to preside over McSpadden's trial. Prior to transferring the case to Judge Garcia, Judge Hester presided over voir dire. McSpadden now argues that this substitution resulted in a due process violation because his trial was not fair. Additionally, he argues it was error for Judge Garcia to review his state habeas petition, which contained reference to alleged infirmities in the

10

voir dire, when he was not the judge presiding over the entire trial beginning with voir dire. The Magistrate Judge determined Petitioner exhausted his state remedies on this claim in "Ground for Relief Three" in Petitioner's state writ of habeas.[3]

Regardless of exhaustion, the Court finds that Petitioner's claim concerning state habeas proceedings is not a cognizable federal due process claim because Petitioner raises a due process challenge to a state habeas proceeding, which does not constitute grounds for federal habeas relief. See Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997); Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992). "Errors in a state habeas proceeding cannot serve as a basis for setting aside a valid original conviction." An attack on the state proceeding does not entitle a petitioner to habeas relief because it is "an attack on a proceeding collateral to the detention and not the detention itself." Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995). The mid-trial transfer of judges, to the extent that the trial judge reviewing the habeas petition did not preside over the voir dire, concerns state habeas procedures and is not a cognizable federal court claim.

Furthermore, to the extent that the Magistrate Judge states that "[u]nder Texas law, it is not clear whether a mid-trial transfer is constitutional," the Court disagrees. First, even assuming this issue was raised in Petitioner's state petition, the argument is conclusory. Second, Petitioner does not cite persuasive authority that substitution of judges is per se prejudicial. See Joines v. State, 482 S.W.2d 205, 208 (Tex. Crim. App. 1972) ("Even if objection had been made, . . . the substitution [of judges] would not have been error, absent an abuse of discretion.") (citations omitted). Finally, Petitioner fails to explain how he was prejudiced by this substitution, other than to argue the substitution later affected the review of his state habeas petition.

### B. State's Objection 2 - Sustained

The state objects that many of Petitioner's claims have not been exhausted and are procedurally defaulted. The Court addresses this objection as it relates to specific claims.

---

[3]In most instances the Magistrate Judge does not explicitly discuss the exhaustion of state remedies for each claim.

11

## VI. Objections to Magistrate Judge's R&R - Ineffective Assistance of Counsel

To establish a claim of ineffective assistance, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). With regard to the first prong of this test, the district court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. All circumstances are to be considered, and the court's scrutiny of counsel's conduct must be "highly deferential." Id. at 688-89. Even if it is determined that counsel committed a professionally unreasonable error, relief can be granted only if "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

As recently noted by the Supreme Court in Bell v. Cone, 535 U.S. 685, 122 S. Ct. 1843 (2002),

> In Strickland we said that "[j]udicial scrunity of a counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." 466 U.S. at 689 . . . . Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the "presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"
>
> For respondent to succeed, however, he must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show

> that the [state court] applied Strickland to the facts of his case in a objectively unreasonable manner.

122 S. Ct. at 1852 (citations omitted).

### A. **State's Objection 3 - Sustained**

The state objects to the Magistrate Judge's finding that trial counsel was ineffective for failing to object to the substitution of judges after voir dire. See R&R, at pp. 13-15. This finding is but one of many that contribute to the Magistrate Judge's overall conclusion that cumulative trial errors "including, but not limited to, counsel's performance falling below the Strickland standard, forc[ed] th[e] Court to recommend that Petitioner McSpadden's writ of habeas corpus be granted." R&R, at p. 13. Specifically, the Magistrate Judge found ineffective assistance of counsel when at the start of trial, and without prior warning, counsel did not object to the substitution of judges. Furthermore, the Magistrate Judge notes that McSpadden's counsel, who testified at the evidentiary hearing, had a legal practice whose criminal cases comprised only a minority of his practice. Frankly, this Court is baffled by this disjointed analysis.

The Court does not reach the merits of Petitioner's claim that his counsel failed to object to the substitution of judges because this claim was not exhausted in the state habeas petition, and is now procedurally defaulted because this new claim would be barred at the state court as a successive petition. See Tex. Code Crim. Proc. Ann. art. 11.07, § 4(a). Petitioner presents no arguments to overcome a procedural bar, and specifically he does not argue that cause and actual prejudice or a miscarriage of justice warrants federal habeas review of this claim. Nor does Petitioner assert that this claim would not be procedurally barred at the state level. Thus this claim is barred on the basis of an adequate and independent state procedural rule.[4]

---

[4] The Court notes that this claim was also not presented in Petitioner's original federal habeas petition. Rather, it was only after the Magistrate Judge ordered Petitioner, through newly appointed counsel, to submit a "comprehensive brief" that this new claim surfaced. "Where a federal habeas petitioner presents newly discovered evidence or other evidence not before the state courts such as to place the case in a significantly different and stronger evidentiary posture than it was when the state courts considered it, the state courts must be given an opportunity to consider the evidence." Brown v. Estelle, 701 F.2d

### B. State's Objection 4 - Sustained

The state objects to the Magistrate Judge's finding that defense counsel was ineffective for failing to object to the prosecutor's questions regarding extraneous acts committed by McSpadden. At the outset, the Court agrees that this claim was not exhausted at the state level because it was not fairly presented and is procedurally barred for the reasons discussed above. However, despite exhaustion, this claim would fail on the merits. The state trial record belies Petitioner's contention that the state simply raised extraneous offenses without objection from defense counsel. A review of the record demonstrates that McSpadden himself "opened the door" when he testified that he had good relationships with certain girls, including step children and a biological daughter, and these same individuals had denied they were sexually abused by him. See State Trial Transcript, Vol. 3, at p. 30; 43; 45. Trial counsel testified at the evidentiary hearing that he did not object to certain rebuttal witnesses because he did not view their testimony to be addressing extraneous offenses. Tr. 03/25/02, at p. 92-93.

Even under the less deferential pre-AEDPA law, Petitioner has not demonstrated prejudice from his attorney's failure to object to material concerning extraneous acts. Indeed, Petitioner's counsel testified that he did not interpret the questions posed by the prosecution to be extraneous offenses per se, as the questions were asked to impeach McSpadden after he made various representations about his relationship with the children, and thus were admissible. See Johnson v. Cockrell, 2002 WL 1974039, at *6 (N.D. Tex. 2002) (stating that when testimony is admissible, failure to object "cannot be deemed ineffective"). Petitioner has not demonstrated that his failure to object is objectively unreasonable. Indeed, McSpadden's denial of the charge against him "opens the door" to questioning the veracity of his statement and is a natural peril of

---

494, 495 (5th Cir. 1983) (stating this is true even when a petitioner's original federal habeas petition "presented only the bare bones of his claim which had also been made to the state courts" and the petitioner then "supplements the record with new and substantial evidence that the state courts have not considered").

taking the stand as a defendant. Petitioner's claim for ineffective assistance of counsel cannot succeed on this point.

### C. State's Objection 5 - Sustained

The state objects to the Magistrate Judge's finding that counsel was ineffective for failing to object to a twenty-minute time limit placed on jury selection. This finding was made despite the fact that counsel testified in the evidentiary hearing that each side received 20 minutes, the judge conducted his own voir dire, counsel had at least a half hour to view the jury list, which included detailed questionaire forms, and counsel testified that he viewed any objections to be futile because in this type of case, he did not need more time. Tr. 03/25/02, at pp.99. The Magistrate Judge determined this type of strategic decision-making to be unreasonable, citing Belton v. Cockrell, 294 F.3d 730, 735 (5th Cir. 2002).

Before reaching the merits of this case, however, the Court again agrees that Petitioner did not exhaust his state remedies and this claim is now procedurally barred. Petitioner did not allege an ineffective assistance of counsel claim for failure to object in his state petition. Even if he had, Petitioner has not demonstrated that counsel's failure to object rises to the level of ineffective assistance of counsel under the Strickland standard. Assuming counsel committed professional error, Petitioner has not demonstrated how this made the outcome of his trial unreasonable or procedurally unfair. A well-informed, strategic decision is within the wide range of professionally competent assistance. Strickland, 466 U.S. 668, 687-96. There is nothing to show that counsel's performance fell below the standards of [Strickland] or that the defendant was in any way prejudiced by his attorney's actions. Counsel essentially testified that his decision to not request more time to conduct voir dire, although perhaps not the most thorough of strategies, reflected a "conscious and informed decision" in light of the kind of case he was trying, and which, like all such decisions, cannot form the basis for habeas corpus relief unless "it is so ill-chosen that it permeates the entire trial with obvious unfairness." Garland v. Maggio, 717 F.2d 199, 206 (5th Cir.1983); accord Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir.1997); Teague, 60 F.3d at 1172; see Strickland, 466 U.S. at 690-91, 104 S.Ct. 2052; Moreno v. Estelle, 717 F.2d 171, 177

15

(5th Cir.1983), cert. denied, 466 U.S. 975, 104 S.Ct. 2353, 80 L.Ed.2d 826 (1984); Daniels v. Maggio, 669 F.2d 1075, 1079 (5th Cir.), cert. denied, 459 U.S. 968, 103 S.Ct. 295, 74 L.Ed.2d 278 (1982). Such strategic decisions do not form a sufficient basis for Sixth Amendment claims of ineffective assistance of counsel. See Jones v. Butler, 864 F.2d 348, 366 (5th Cir.1988), cert. denied, 490 U.S. 1075, 109 S.Ct. 2090, 104 L.Ed.2d 653 (1989). Petitioner does not argue counsel was unable to ask certain jurors questions, follow-up on certain questions, or simply needed more time to conduct the voir dire. Petitioner's claim, therefore, is based on the argument that 20 minutes for voir dire is a per se constitutional violation. Without more, Petitioner has not indicated in any way how he was prejudiced by counsel's failure to object to the length of time allotted to conduct voir dire.

### D. **State's Objection 6 - Sustained**

The state objects to the Magistrate Judge's finding that trial counsel was ineffective for inadequate pretrial preparation. For this particular claim, the Magistrate Judge primarily bases his conclusion of ineffective assistance of counsel on the fact that defense counsel testified at the habeas evidentiary hearing that he did not file a motion requesting the exclusion of extraneous offenses, and an unsworn letter to the State Bar of Texas in which counsel indicated he had met only twice with his client.

The Court finds that only Petitioner's claim for ineffectiveness concerning the number of times counsel met with Petitioner in preparation for trial have been exhausted at the state court. Petitioner did not demonstrate how counsel was deficient in his representation simply because he only met with Petitioner twice, and without more Petitioner cannot demonstrate ineffective assistance of counsel. See Mattheson v. King, 751 F.2d 1432, 1439 (5th Cir. 1985); Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). This claim must fail.

### E. **State's Objection 7 - Sustained**

The state objects to the Magistrate Judge's finding that counsel was ineffective for failing to move for a mistrial. Contrary to the state's assertion, this claim was exhausted at the state level. Despite the fact that Petitioner literally argues in his state

petition that he was "refused a mistrial," the Court construes this as sufficiently raising his claim for ineffective assistance of counsel. This claim, however, fails on the merits.

At trial defense counsel argued to the court in a hearing outside the presence of the jury that the father of one of the victims was seen talking to several trial witnesses. In addition, the trial judge stated he had seen the father going out of the courtroom a number of times during the last two days. Counsel declined when the trial court inquired as to whether he was seeking a mistrial. Instead, defense counsel responded that he wanted sanctions against the state and a restriction barring those witnesses from testifying. Trial Tr. Vol 3, at pp. 105-06. The state was not allowed to put on any of the witnesses to whom the father spoke. Id. Regardless of whether defense counsel should have moved for a mistrial instead of seeking alternative sanctions, or whether he should have investigated the violation of the witness rule more fully, the witnesses were not put on and thus Petitioner has not shown any prejudice. This claim, therefore, must fail.

### F. State's Objection 8 - Sustained

The state objects to the Magistrate Judge's finding that McSpadden is entitled to relief on the basis of cumulative error. The state argues that no error was established, and additionally the claim of cumulative error itself has not been exhausted. The Magistrate Judge states, "[t]he cumulative errors that the Petitioner's attorney made during his trial warrants setting aside the judgment of his criminal proceeding because the errors most likely had an effect on the judgment." R&R, at p. 23. Further, the Magistrate Judge finds that "defense counsel's unreasonable strategic decisions amounted to ineffective assistance of counsel." Id. at 24. The Magistrate Judge's findings, however, are somewhat conclusory, and mainly focus on trial counsel's conduct during the voir dire.

The Court must evaluate each claim for relief individually. Relief based on cumulative error is available only where "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors so infected the entire

17

trial that the resulting conviction violates due process." Westley v. Johnson, 83 F.3d 714, 726 (5th Cir.1996) (internal quotations and citations omitted), cert. denied, 519 U.S. 1094, 117 S.Ct. 773, 136 L.Ed.2d 718 (1997). "Meritless claims or claims that are not prejudicial cannot be cumulated, regardless of the total number raised." Id.

In the present case, many of the errors assessed by the Magistrate Judge are procedurally barred and therefore may not be considered for cumulative error. In terms of "unreasonable strategic decisions," for the reasons discussed above, the Court declines to find those claims not procedurally barred present errors that so infected the entire trial that the resulting conviction violates due process.

### G. State's Objection 9 - Sustained

The state objects to the Magistrate Judge's finding that the mid-trial transfer of judges in combination with the ineffective assistance of counsel, "led to a non-adversarial proceeding, and the conviction and sentence of the Petitioner cannot constitutionally be upheld." Again, as discussed previously in this opinion, Petitioner failed to argue how it was that a mid-trial transfer of judges adversely affected the outcome of his trial - except to state that the *failure of trial counsel to object* to the transfer "became more problematic for McSpadden after the trial was over" when he raised a claim in his state habeas petition concerning the substitution of judges. R&R, at p. 14. Neither Petitioner, nor the Magistrate Judge, cite any authority, controlling or otherwise, indicating a mid-trial substitution of judges is a per se constitutional violation. Cf. People v. Espinoza, 12 Cal. Rptr. 2d 682 (Cal. 1992). In short, the ineffective assistance of counsel claim concerning the failure to object to the substitution of judges and a more general constitutional attack on the substitution itself under the Sixth Amendment or Due Process under the Fourteenth Amendment should not be conflated. When there was no objection by defense counsel, Petitioner has not successfully stated a federal constitutional violation. See id. (citing People v. Gonzalez, 51 Cal.3d 1179, 1211(1990); Randel v. Beto, 354 F.2d 496, 500 & n. 5 (5th Cir.1965)).

### VII. Conclusion

For the reasons stated above, the Court **DECLINES TO ADOPT** the Magistrate

Judge's Report and Recommendation, **DENIES** Petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2254, and **GRANTS** the state's Motion for Summary Judgment.

DONE at Brownsville, Texas this 29th day of September, 2003.

_____
Hilda Tagle
United States District Judge