UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 1 0 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | | |
|---|---|---|
| ROBERT JOE McSPADDEN, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-94-289 |
| GARY JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, Respondents. | § § § § § | |

**ORDER**

Before the Court is Petitioner Joe McSpadden's "Notice of Appeal" [Dkt. No. 66]. The Court will construe Petitioner's Notice as an Application for a Certificate of Appealability. Petitioner's Application for a Certificate of Appealability is **DENIED**.

**I. BACKGROUND**

Petitioner is in the custody of the Director of the Texas Department of Criminal Justice, Institutional Division, pursuant to a judgment and sentence of the 107th District Court of Cameron County, Texas, in Cause No. 91-CR-887-C. McSpadden pleaded not guilty to the indictment and was convicted by a jury for the felony offense of aggravated sexual assault of a child. On October 17, 1991, a jury assessed the punishment of life confinement.

Petitioner did not file a direct appeal of his conviction. He waived appeal as part of an agreement to dismiss other similar cases that were pending against him. Petitioner filed two applications *pro se* for writ of habeas corpus in state court. In his original state habeas petition, McSpadden raised a number of grounds for relief, including the denial of due process, denial of effective assistance of counsel, and prosecutorial misconduct. The state judge presiding at trial denied in one order Petitioner's first and second applications for writ of habeas corpus, concluding in one page that the "Application[s] fail[ ] to present a controverted, previously-unresolved issue of fact which is material to the legality of the Defendant's confinement. Therefore

1

an evidentiary hearing is unnecessary." Petitioner's habeas application was then forwarded to the Court of Criminal Appeals, which denied the habeas application without written order on September 14, 1993. See Ex Parte McSpadden, Appl. No. 26,733-01.

Petitioner then filed a timely application for writ of habeas corpus under 28 U.S.C. § 2254. After a long procedural background, which is recounted in this Court's habeas decision, this case was reassigned to this Court. In turn, this Court referred the case to Magistrate Judge Felix Recio. Counsel was appointed for the Petitioner. The Magistrate Judge ordered Petitioner and his counsel to file "a comprehensive brief" explaining his then pending writ of habeas corpus claims. The Magistrate Judge held an evidentiary hearing. Petitioner's brief greatly expanded on the claims raised in his original petition, and new claims were added, including due process, prosecutorial misconduct, and ineffective assistance of counsel claims, among others.

Due to a conflict of interest, Petitioner's first habeas attorney withdrew from the case, and a new attorney was appointed. During the March 25, 2002, evidentiary hearing before the Magistrate Judge, counsel stated Petitioner was not proceeding with a claim for "prosecutorial wrongdoing [on the part of] any other prosecutor." 03/25/02 Tr. at p. 7. Additionally, Petitioner's counsel stated at the evidentiary hearing that he was not proceeding with his ineffective assistance of counsel claims concerning: counsel's opening statement; counsel's presentation of "defense evidence" including expert testimony; or counsel's ineffectiveness during sentencing or in counseling Petitioner regarding the waiver of his appellate rights. Tr. 03/25/02 at pp. 40-43. The Magistrate Judge treated Petitioner's oral representations as an amendment to his petition and later brief, and addressed only the following claims for relief in his R&R: 1) the prejudice inflicted upon the Petitioner due to a mid-trial transfer of judges, and 2) Petitioner's ineffective assistance of counsel claims. The Magistrate Judge "utilize[d] a totality of the circumstances test to find that Petitioner's conviction and sentence [could not] constitutionally be upheld . . . and determined Petitioner's 28 U.S.C. Section 2254 Application should be granted." This Court reviewed *de novo* those portions of the Report and Recommendation ("R&R") to which the state objected. 28 U.S.C. §

636(b)(1)(C). This Court declined to adopt the R&R, and denied Petitioner's writ of habeas corpus application on various grounds including the failure to exhaust state remedies, failure to raise a cognizable ground for federal habeas relief, and, in one instance, failure to demonstrate ineffective assistance of counsel on the merits.

## II.   ANALYSIS

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") a "certificate of probable cause" ("CPC") was a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief. Under the AEDPA, to appeal the denial of a habeas corpus petition filed under Section 2254, a petitioner must obtain a Certificate of Appealability ("CoA"), and appellate review of a habeas petition is limited to the issues on which a CoA is granted. See 28 U.S.C. § 2253(c)(1)(A) (2002). See also Hill v. Johnson, 114 F.3d 78, 80 (5th Cir. 1997) (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997) (holding that the scope of appellate review for the denial of habeas petitions is limited to the issue on which the CoA granted).

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right. See Slack v. McDaniel, 529 U.S. 473, 483 (2000). The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If the Court rejects a petitioner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would find the court's assessment of the constitutional claim to be debatable or wrong. See id. at 484. In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484 (emphasis added).

This Court denied some of Petitioner's claims on procedural grounds and others by addressing the claims' merits. Petitioner, however, asserts no arguments that jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, *and/or* that jurists of reason would find it debatable whether the district court was correct in its procedural rulings. Petitioner, therefore, has not demonstrated that another court would have resolved any of the issues he raised in his habeas petition differently.

**III.   CONCLUSION**

For the reasons set forth above, Petitioner's Application for a Certificate of Appealability is **DENIED**.

DONE at Brownsville, Texas this 9th day of February, 2004.

_____
Hilda G. Tagle
United States District Judge