68

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 03-41461
USDC No. B-94-CV-289

————————————

U.S. COURT OF APPEALS
FILED

JUL 30 2004

CHARLES R. FULBRUGE III
CLERK

ROBERT JOE MCSPADDEN,

                    Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONAL DIVISIONS,

                    Respondent-Appellee.

United States District Court
Southern District of Texas
FILED

AUG 0 4 2004

Michael N. Milby
Clerk of Court

--------------------
Appeal from the United States District Court
for the Southern District of Texas
--------------------

O R D E R :

     Robert Joe McSpadden, Texas prisoner # 600096, seeks a

certificate of appealability (COA) for an appeal from the

district court's judgment dismissing his application for a writ

of habeas corpus challenging his conviction of aggravated sexual

assault of a child.  McSpadden contends that the state court

lacked jurisdiction; that there is no voir dire transcript; that

the district court erred in considering only the habeas claims

asserted by counsel at the evidentiary hearing on remand; that

the district court applied the wrong standard in deciding the

ineffective-assistance-of-counsel claims; and that the district

court applied the wrong standard in denying COA.

O R D E R
No. 03-41461
-2-

To obtain a COA, McSpadden must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court's dismissal of a habeas petition is on the merits, to obtain a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When the district court's dismissal of a habeas petition is on procedural grounds, a COA should issue "when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

McSpadden has not briefed any of the substantive habeas claims asserted in the district court. As a result, these claims are waived. See Hughes v. Johnson, 191 F.3d 607, 613 (5th Cir. 1999). With respect to the other issues raised, McSpadden's COA application fails to satisfy the substantive and procedural aspects of the Slack standard. See Slack, 529 U.S. at 484. His request for COA is DENIED.

JACQUES L. WIENER, JR.
UNITED STATES CIRCUIT JUDGE

A true copy
Test
Clerk, U. S. Court of Appeals, Fifth Circuit
By _____
Deputy

New Orleans, Louisiana    AUG 0 2 2004